**R. M. PHILLIPS, d/b/a Luthersville Package Store, Plaintiff–Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant–Appellee.**

No. 80–7275
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Jan. 8, 1981.

Rehearing Denied Feb. 27, 1981.

Ben R. Freeman, A. Vernon Belcher, Robert Lee Todd, IV, Greenville, Ga., for plaintiff–appellant.

Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., James H. Fisher, II, Atlanta, Ga., for defendant–appellee.

Before HILL, FAY and ANDERSON, Circuit Judges:

JAMES C. HILL, Circuit Judge.

Appellant R. M. Phillips in summer 1978 brought suit against the Insurance Compa-

ny of North America, Inc. in state court for wrongfully declining coverage in connection with a fire loss to appellant's business premises. The federal court to which appellee removed [1] the suit dismissed the complaint because of appellant's willful recalcitrance in the discovery process, and then declined to grant relief under Fed.R.Civ.P. 60. We affirm.

## I. *Facts and Procedural History*

On February 14, 1979 appellee filed a request for production of certain state tax records relating to appellant's inventory at the time of the loss. Appellant responded that the requested records were destroyed in the fire. Following an unsuccessful attempt by defense counsel to resolve the matter informally, appellee on May 14, 1979 moved to compel discovery. The district court, following a hearing, granted appellee's motion and ordered appellant to tender "such authorization as may be required by the State of Georgia Department of Revenue, to permit release of the information sought by defendant's request for production . . . ." Record at 128. While an exchange of documents [2] did occur in June 1979 between the parties, appellee's counsel was informed some three months later by the Georgia Department of Revenue that the authorization executed by appellant did "not constitute sufficient documentation . . . to release subject's [appellant's] records . . . ." *See* Record at 190. The department further stated that a power of attorney executed by appellant would satisfy its requirements and would enable it to release the tax records. On November 8, 1979 appellee's counsel wrote appellant's counsel by certified mail, informed them of this difficulty, enclosed the proper power of attorney form, and requested they procure appellant's sworn signature. *See* Record at 192. Receiving no response, appellee's counsel again wrote by certified mail on December 5, 1979 requesting compliance with the court order compelling discovery and warn-

ing: "If I have not received your client's Power of Attorney by December 10, 1979, I shall be left with no alternative but to file a motion for sanctions for failure to comply with the Court's order compelling discovery pursuant to Rule 37(b) of the Federal Rules of Civil Procedure." *See* Record at 191.

On December 18, 1979, appellee so moved; specifically, it sought to dismiss the complaint and to require appellant to pay the expenses occasioned by his disobedience. Appellant answered the motion on January 16, 1980, and finally provided appellee with the executed power of attorney on January 25, 1980. By order dated February 6, 1980, however, the district court granted appellee's motion, thereby dismissing appellant's complaint with prejudice. Appellant filed, on February 15, 1980, a motion for relief under Fed.R.Civ.P. 60, which was denied on March 12, 1980. On April 11, 1980 appellant noticed an appeal purporting to embrace *both* the February 6 final order of dismissal and the March 12 denial of post-judgment relief.

## II. *Appellate Jurisdiction*

■ The Federal Rules of Appellate Procedure provide:

> In a civil case . . . in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required . . . shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from . . . .

Fed.R.App.P. 4(a)(1), 28 U.S.C.A. (Cum. Supp.1980). This rule amplifies the parallel statutory requirement found in 28 U.S.C. § 2107 (1976) and has been held consistently to be both mandatory and jurisdictional, *Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978); *Gulf–Tampa Drydock Co. v. Vessel Virginia Trader*, 435 F.2d 150, 151 (5th Cir. 1970); *Lamb v. Shasta Oil Co.*, 149 F.2d 729, 730 (5th Cir. 1945).

---

1. Jurisdiction was based on diversity of citizenship, 28 U.S.C. § 1332 (1976) and U.S.C.A. (Cum.Supp.1980).

2. By oral understanding, appellee's counsel was to send the necessary documents to appellant's counsel, who would ensure that appellant executed them and who would return them to appellee's counsel.

*Cf. United States v. Robinson*, 361 U.S. 220, 228–29, 80 S.Ct. 282, 287–88, 4 L.Ed.2d 259 (1960). As such, the thirty–day period cannot "be extended regardless of excuse," *id.* at 229, 80 S.Ct. at 288 (footnote omitted). Accordingly, we are without jurisdiction to review the district court's February 6, 1980 dismissal since appeal was noticed therefrom on April 11, 1980.

■ In this case, however, appellant *has* perfected a timely appeal [3] from the district court's denial of his motion under Fed.R. Civ.P. 60.[4] The authorities indicate, however, that appellate review of the denial of such a motion "must be narrower in scope than review of the underlying order of dismissal so as not to vitiate the requirement of a timely appeal." *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 386 (5th Cir. 1978); *see Browder, supra*, 434 U.S. at 263 & n.7, 98 S.Ct. at 560 & n.7, *Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127 (5th Cir. 1975). Specifically, our review is limited to whether the district court abused its discretion in denying the Rule 60 motion. *Browder, supra*, 434 U.S. at 263 n.7, 98 S.Ct. at 560 n.7; *Burnside, supra*. To that question, we now turn.

### III. *Abuse of Discretion*

■ The thrust of appellant's argument is that the district court abused its discretion in not granting postjudgment relief because appellant's actions were in good faith and because appellant did not intentionally disregard the order compelling discovery. On these facts, we do not hesitate to reject these contentions and to hold that the district court's dismissal was within the proper scope of its discretion. Appellant twice rejected attempts by appellee's counsel to resolve the discovery problem informally. Any belief held by appellant that he

had completely discharged his obligation under the order compelling discovery would have dissipated upon receipt of defense counsel's letter of November 8, 1979. If not, then defense counsel's letter of December 5, which threatened Rule 37 action in unequivocal language, should have inspired an appellant so imbued with good faith as this one claims to have been to consult the district court for direction or to respond to opposing counsel for negotiation. Moreover, having necessitated judicial intervention into the discovery process by his own disobedience, appellant's ultimate tender of the power of attorney *after* the Rule 37 motion was filed is of little consequence.

The district court placed the facts of this case in the proper legal perspective. In his February 6, 1980 order, Judge Tidwell noted that dismissal "for failure to comply with court–ordered discovery is a severe sanction of last resort." Record at 238. But, he concluded, appellant's "recalcitrance . . . was not based on factors beyond his control" and must be characterized as " 'flagrant disregard' and 'willful disobedience.' " *Id.* (quoting *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976)). Accordingly, we find this discretionary dismissal proper under these facts.

■ Appellant raises numerous other arguments, several of which warrant brief treatment here. First, he argues that the order compelling discovery was not explicit enough. In particular, appellant is troubled by the words "such authorization as may be required by the State Department of Revenue." We find these words amply explicit; the district court properly rejected this contention. Second, appellant contends that the Rule 37 motion was filed in a manner inconsistent with local district court rules [5]

---

3. Denial of a Rule 60 motion is a final and appealable order. *Gromelin v. Markwalter*, 181 F.2d 948 (5th Cir. 1950).

4. The Rule 60 motion had *no effect* upon the running of the thirty–day period for it is without doubt that such motions do "not toll the time for appeal from, or affect the finality of, the original judgment." *Browder*, 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 560 n.7, 54 L.Ed.2d

521. *See Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 386 (5th Cir. 1978).

5. A court has considerable latitude in applying its own local rules, and in reaching the merits of a motion or case even though a moving party allegedly has ignored those rules. In fact, in this very case we consider appellant's arguments notwithstanding his own failure–anomalous in light of his assertions on this

and, therefore, granting the motion constituted reversible error. This argument is without merit; application of those rules in this case are squarely within the province of the district court judge. Third, Appellant claims that dismissal is too drastic a sanction in this case where less drastic sanctions are available. His authority for this proposition is *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir.), *cert. denied*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970), a case decided six years prior to *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam). In *Nat'l Hockey League*, the Supreme Court recognized the institutional aspects of Rule 37, noting that

> the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of a deterrent. If the decision of the Court of Appeals [reinstating the complaint] remained undisturbed in this case, it might well be that *these* respondents would faithfully comply with all future discovery orders entered ... in this case. But other parties to other lawsuits would feel freer ... to flout other discovery orders of other district courts.

427 U.S. at 643, 96 S.Ct. at 2781 (emphasis in original). *See also Emerick, supra.* In view of the need to deter dilatory conduct in the discovery process and the clear finding of willful abuse by the district court, we find no abuse of discretion for failure to order a less severe sanction.

## IV. *Conclusion*

We conclude on a cautionary note. The discovery process is by and large extrajudicial. In cases of recalcitrance, the district court is empowered under Rule 37 to enter an order compelling discovery. Such an order is to be scrupulously obeyed by the parties; if, however, *reasonable* questions that are insoluble by the parties arise, they should be directed to the district court. We have consistently regarded the discovery process as a serious matter, *see, e. g., Silas v. Sears, Roebuck & Co., supra* ; *In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation*, 580 F.2d 819 (5th Cir. 1978), *cert. denied*, 441 U.S. 945, 99 S.Ct. 2165, 60 L.Ed.2d 1047 (1979); *see generally, Dollar v. Long Mfg., N. C., Inc.*, 561 F.2d 613 (5th Cir. 1977), *cert. denied*, 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978), and will continue to do so.

We find no abuse of discretion by the district court in its refusing to grant post-judgment relief to appellants.

AFFIRMED.

---

point to include in his brief the "Certificate of Interested Persons" required by the local rules of *this* Court. *See* U.S.Ct.App.Fifth Cir., Local R. 13.6.1, 28 U.S.C.A. (Cum.Supp.1980). *See also Kushner v. Winterthur Swiss Ins. Co.*, 620

F.2d 404, 407 (3d Cir. 1980) ("The litigant ... who charges that the rules were not followed in the district court should himself follow the rules when he applies for relief in this court. Sauce for the goose is sauce for the gander.").