Allen SMITH, Jr., Petitioner-Appellant,

v.

O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellee.

No. 86–2079.

United States Court of Appeals, Fifth Circuit.

April 21, 1986.

Allen Smith, Jr., Rosharon, Tex., pro se.

Renee Y. Smith, Asst. Atty. Gen., William C. Zapalac, Ass't. Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

BY THE COURT:

IT IS ORDERED that respondent-appellee's motion to dismiss the appeal is GRANTED. There is no timely notice of appeal.

On October 31, 1984, the district court entered an order granting respondent-appellee's motion to dismiss petitioner-appellant's application for habeas corpus under 28 U.S.C. § 2254. The same day, the court entered a separate final judgment dismissing the petition. The judgment of dismissal was entered on the docket on November 2, 1984. Nothing happened for nearly a year thereafter until, on October 2, 1985, petitioner-appellant mailed to the district court a "Motion to File Motion to Reconsider Order," together with the "Motion to Reconsider Order, or in the Alternative Motion for Certificate of Probable Cause to Appeal In Forma Pauperis." These two documents were accompanied by a "Notice of Submission," which requested the clerk to call them to the attention of the district court. All these documents were apparently received by the clerk on October 15, 1985. The motion to file bears a clerk's filing stamp of October 15, 1985. The district court, by a two-page order dated December 23, 1985, granted the motion for leave to file, but denied the motion to reconsider. That order reflects that the motion to reconsider was enclosed with the motion for leave to file; it also recites that the court grants petitioner leave to proceed *in forma pauperis* on appeal and grants a certificate of probable cause. That order was docketed on January 2, 1986. A separate one-page form order, dated December 23, 1985, denied a certificate of probable cause, but granted *in forma pauperis.* Following the December 23, 1985 order (or orders) of the district court, nothing further was filed by petitioner-appellant. However, the clerk, apparently in response to the district court's two-page December 23, 1985 order granting the petitioner's motion to file, placed a clerk's file stamp, with the date of January 2, 1986, on the motion to reconsider. On January 29, 1986, the district court entered an amended certificate of probable cause one-page form order, finding probable cause for appeal and granting *in forma pauperis* status; this seems to have been intended to correct what was evidently a clerical error in the one-page form order of December 23, 1985 which denied the certificate of probable

cause although the two-page order of that date had granted certificate of probable cause.

Petitioner-appellant's motion for leave to file and motion to reconsider, filed about eleven months after final judgment was entered dismissing the petition, obviously cannot be considered as a timely notice of appeal from the dismissal, or as a timely motion to reconsider under Fed.R.Civ.P. 59(e), or as a timely request for an extension of time under Fed.R.App.P. 4(a)(5). If the motion to reconsider is considered as a motion under Fed.R.Civ.P. 60(b), which is what it apparently was intended to be, then any appeal must be not from the original dismissal of the petition, but rather from the denial of the motion to reconsider. *See Browder v. Director, Department of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Phillips v. Insurance Company of North America,* 633 F.2d 1165 (5th Cir.1981). However, petitioner-appellant has not filed a notice of appeal, or anything else, since the district court denied his motion to reconsider.

Accordingly, the appeal is dismissed for want of a timely notice of appeal.