515 So.2d 1231 (1987)
Diane WILLIAMS
v.
Dr. Lamar PURYEAR & The Hazlehurst Clinic.
No. 57336.
Supreme Court of Mississippi.
November 25, 1987.
Firnist J. Alexander, Jr., Jackson, for appellant.
Ferrell Tadlock, Ladner & Associates, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and GRIFFIN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Diane Williams brought suit in the Circuit Court of Copiah County, Mississippi, against Dr. Lamar Puryear and The Hazlehurst Clinic for personal injuries, alleging medical malpractice against them. On January 16, 1986, the lower court dismissed Williams' complaint with prejudice, pursuant *1232 to a Rule 37(b)(2)(C), Miss.R.Civ.P., motion, and Williams has appealed to this Court.
The appellant contends on this appeal that the lower court abused its discretion and erred in entering the order of dismissal. We do not agree and affirm the judgment of the lower court.
At the time appellant filed her complaint on April 4, 1985, she propounded to appellees a set of interrogatories and requests for production of documents. Appellees produced the requested documents on May 24, 1985, and answered the interrogatories on June 4, and later supplemented them on September 30.
On April 30, 1985, appellees propounded to appellant a set of interrogatories and requests for production of documents, to which appellant failed to respond. On June 26, appellees filed a Motion to Compel Discovery. The motion was noticed for hearing on July 22, but appellant indicated that the responses and documents were forthcoming, and the hearing was cancelled. Appellant failed to respond, and on July 29, the court entered an order compelling discovery no later than August 2. Appellant failed to meet this deadline, and appellees filed a Motion for Sanctions on August 14.
At the hearing on the motion for sanctions, the appellant filed responses to the interrogatories, but failed to produce the requested documents. The court extended its deadline for production of documents to September 10, but the new deadline came and passed with no further response from appellant. Appellees filed a second Motion to Compel Discovery, and, on September 12, appellant filed a response, stating she would produce the requested documents except for those protected by the work-product privilege.
On the same date, i.e., September 12, appellant responded to a Request for Admissions which had been propounded by appellees approximately four months earlier on May 13 by moving for leave to amend her admissions out of time. Previously, appellees had filed notice on June 26 that, pursuant to Rule 36, Miss.R.Civ.P., the request for admissions was taken as admitted due to appellant's failure to respond within thirty (30) days.
Appellant had made no response to the request for documents by appellees in connection with a deposition on May 9, and the court attempted to bring the case together by means of a pretrial conference on October 1. At that time, the court imposed a third deadline on appellant, requiring her to supplement her answers to the interrogatories and requests for admissions and to produce the documents requested at deposition no later than October 10. Also, the court granted appellant leave to amend her admissions.
October 10 came and passed, and appellant made no further response. On November 6, appellees moved to dismiss the complaint. The motion was heard on December 13, and the court entered the following requirement:
[U]nless the plaintiff fully answers the interrogatories, furnishes the documents requested, and fully answers the request for admissions, prefiles the requested instructions and submits an executed pretrial order and reduces to writing and files a written record of any stipulation on or before the 15th day of January, 1986, and pays to the Defense $500.00 costs for having had to make motions and attend hearings on these four occasions, the case will be dismissed at the cost of the plaintiff.
On January 15, 1986, appellant had failed to submit a pretrial order, and the $500.00 penalty remained unpaid. Accordingly, on January 16, the lower court dismissed appellant's cause with prejudice. On February 19, 1986, appellant moved for relief from the order of dismissal pursuant to Rule 60, Miss.R.Civ.P. On that date the lower court denied the motion, explicitly setting out its reasons.
The lower court was lenient and less firm with the appellant here than many trial courts. Most appellate courts have indicated that Rule 37(b) means exactly what it says, i.e., follow the rule, get the case ready, and avoid being dilatory. This Court now implements that policy.
*1233 In Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), which was a personal injury case involving a car-train collision, the plaintiff was first granted a continuance, then took nineteen (19) months to answer defendant's interrogatories. Plaintiff was granted another continuance; defendant propounded more interrogatories, which were finally answered by plaintiff only after an extension of time by the court; and finally, when plaintiff failed to appear at the pretrial conference, the trial court dismissed the complaint with prejudice and without prior notice to the plaintiff. 370 U.S. at 628-29, n. 2, 82 S.Ct. at 1387-88, n. 2, 8 L.Ed.2d at 737, n. 2. The Supreme Court, expressing little sympathy for the plaintiff, said:
It is true, of course, that "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." Anderson National Bank v. Luckett, 321 U.S. 233, 246 [64 S.Ct. 599, 606, 88 L.Ed. 692]. But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. The circumstances here were such as to dispense with the necessity for advance notice and hearing.
370 U.S. at 632, 82 S.Ct. at 1389-90, 8 L.Ed.2d at 739.
In Martin-Trigona v. Morris, 627 F.2d 680 (5th Cir.1980), the defendant moved to dismiss pursuant to Rule 41(b) for plaintiff's failure to prosecute. The local rule under which the motion was made required that the plaintiff first be given the opportunity to show cause why the case should not be dismissed. Plaintiff was not afforded this opportunity, and the complaint was dismissed with prejudice. The Fifth Circuit affirmed the district court.
In Phillips v. Insurance Co. of North America, 633 F.2d 1165 (5th Cir.1981), a factual situation similar to that of the case at bar was involved. There, the defendant, encountering discovery difficulties with plaintiff, informally attempted to negotiate a resolution of the problems. Plaintiff remained uncooperative, and defendant moved for an order to compel discovery, which the court granted. When plaintiff failed to comply with the discovery order, defendant notified plaintiff that, if compliance was not forthcoming, Rule 37(b) dismissal would be sought. Plaintiff offered no response, defendant moved for dismissal, and the district court dismissed the complaint with prejudice. Plaintiff's Rule 60(b) motion for relief was denied, and the Court of Appeals affirmed.
After noting the plaintiff's flagrant disregard of his discovery responsibilities and his willful disobedience of the discovery order, the Fifth Circuit held that Rule 37(b)(2)(C) dismissal with prejudice is appropriate where the disobedient party's recalcitrance is not based on factors beyond his control. 633 F.2d at 1167. See also National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (dismissal with prejudice deters dilatory conduct in the discovery process of the cases); Hashemi v. Campaigner Publications, Inc., 737 F.2d 1538 (11th Cir.1984) (dismissal with prejudice was proper where plaintiff "defied proper notices, confirmed agreements and court orders" and offered no excuse for failure to appear at deposition); Hindmon v. National-Ben Franklin Life Ins. Co., 677 F.2d 617 (7th Cir.1982) (dismissal with prejudice was proper where plaintiff willfully failed to appear at deposition and pretrial meeting and complied with request for production of documents four months late).
The January 16, 1986, order of dismissal, following Rule 37(b)(2)(C), consumed five (5) pages, detailing the procrastination, disobedience to the lower court's orders, willful failure to comply with most areas of discovery, and obvious contempt for the court's processes.
*1234 The lower court, after hearing the motion for relief from the dismissal order, in three (3) pages (February 19, 1986, order) further explained his actions. It is interesting to note a part of that order:
The Court has considered the motion, and has heard argument of counsel, and has re-read the Rules of Civil Procedure, particularly Rule 37 and Rule 60. Rule 37 provides for sanctions, and Rule 60 provides for a relief for, a judgement for clerical mistake, or inadvertence, or fraud, misrepresentation, or other misconduct, accident, or mistake, or newly discovered evidence, or for what judgement. The Court finds nothing therein that would require the setting aside or changing of the Order of Dismissal.
This case has caused the Court considerable concern. The Judge has met with the attorneys on four different occasions before today, being on August the 28th, September the 3rd, October the 1st, and December the 13th, 1985, and I have begged, and pled, and conjoled [sic], and urged, and prodded, and hoped in vain that all the matters of discovery would be completed and the case could be set for trial, and the Plaintiff's case presented to a jury. That certainly would be my desire.
In an effort to get the Plaintiff's attorney to file these matters, I have given extensions of time; I have entered orders giving additional time, and I think we've been extremely patient in this regard. But I did so because I abhor the idea of dismissing a party's claim without an adjudication on the merits, and I do not like to impose sanctions... .
Without question, the lower court went extra miles in order to get appellant in line for trial of the case. The court was patient, enduring, and fair to the appellant at all times. The cases we have considered on this question involve far less violation of Rule 37 by a litigant.
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS, and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.