[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10632

Non-Argument Calendar

_____

WASEEM DAKER,

                                                            Plaintiff-Appellant,

*versus*

TIMOTHY WARD,
BRIAN OWENS,
former Commissioner,
HOMER BRYSON,
former Commissioner,
GREGORY DOZIER,
former Commissioner,
JACK KOON,
Facilities Director, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cv-00365-MTT-CHW

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON,
Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner, appeals *pro se* the dismissal of his amended complaint without prejudice for misjoinder and failing to comply with a court order and the denial of his motion to vacate the judgment, Fed. R. Civ. P. 59(e). We affirm.

In September 2019, Daker filed a 130-page complaint against more than 130 defendants. He separated the defendants into five groups—Georgia Department of Corrections Central Office, Georgia Diagnostic & Classification Prison, Georgia State Prison, Macon State Prison, and Valdosta State Prison—and asserted that all defendants were properly joined because they maintained, executed, or enforced the same Georgia Department of Corrections policies and customs that violated his rights. He grouped his claims, which were based on events occurring between 2014 and 2019, into 11 sets of issues—414 counts of obstruction of open records requests, 10 counts of denial of due process in property and court

access, 20 counts of denial of due process in property related to sei-zure of inmates' property, denial of law library access, denial of photocopier access, denial of access to stored legal materials, denial of access to electronically-stored legal materials, an inadequate mail policy, an inadequate grievance procedure, obstruction of the grievance-filing procedure, and retaliation for filing grievances.

The district court ruled that Daker's complaint improperly joined dozens of individuals or entities as defendants based on events that took place in several institutions over several years. The district court explained the legal standard for joining parties and claims, Fed. R. Civ. P. 18(a), 20(a)(2), and the "logical relationship" test. It stated that the "complaint fail[ed] to allege facts showing all defendants engaged in a common custom or policy." For example, it stated, Daker made no allegations against several defendants identified in the caption, and although Daker alleged that "all" de-fendants were involved in the 11 sets of claims, he failed to plead that each defendant adopted or maintained at least one of the poli-cies. Regarding Daker's open records claims, the district court ex-plained that he alleged that "all defendants" were responsible but alleged facts involving only 19 of them, and many of those defend-ants were not mentioned in his other claims even though he al-leged in his other claims that "all defendants" were responsible. The district court stated that, apart from asserting that all the cus-toms and policies violated his rights, Daker failed to identify any common question of law or fact that applied to each of the more than 130 defendants.

The district court ordered Daker to "recast" his complaint. It stated that, although it could attempt to add or drop parties or claims to remedy the misjoinder, Fed. R. Civ. P. 21, it was "not incumbent upon the Court to effectively re-write [Daker's] Complaint so that it complies with" the rules. The district court ordered that the amended complaint "state only related claims" because "unrelated claims should be raised and filed in separate complaints." It also directed him to state clearly "(1) *who* [Daker] seeks to sue; (2) *what* each Defendant did (or did not do) to violate his constitutional rights; (3) *when* and *where* each action occurred; and (4) *how* [Daker] was injured as a result of each Defendant's actions." It warned Daker that "[f]ailure to fully and timely comply with this Order may result in the dismissal of [his] Complaint."

Daker amended his complaint. His 105-page amended complaint named 113 defendants, separated into the same five groups as before, and alleged seven of the 11 sets of claims. He asserted that all defendants were properly joined because they maintained, executed, or enforced the same department policies and customs that violated his right of access to the courts.

The magistrate judge issued a report and recommendation that the amended complaint be dismissed without prejudice. The magistrate judge considered Daker's abusive litigation history and stated that because Daker had accrued three strikes, 28 U.S.C. § 1915(g), his refusal to comply with the joinder rules had enabled him to pay fewer filing fees. The magistrate judge recommended dismissing Daker's complaint for failure to comply with the joinder

rules. The magistrate judge also stated that because the district court explained the joinder rules and warned Daker that failing to follow the rules could result in dismissal, Daker's failure to make any effort to meaningfully comply with the order was an independent ground for dismissal.

Daker objected that his amended complaint was not materially identical with the original complaint because he dropped 16 defendants, 25 pages, and 118 paragraphs, which evidenced his good faith compliance. He conceded that not all defendants' actions arose from the same transaction or occurrence but argued that their actions raised a common question of law or fact regarding his access to the courts. He also argued that the district court should sever any improper claims because dismissal would effectively be with prejudice because of the expiration of the statute of limitations.

The district court overruled Daker's objections, adopted the magistrate judge's recommendation, and dismissed Daker's amended complaint without prejudice. The district court ruled that the defendants were misjoined because Daker failed to state at least one claim against each defendant that arose from the same transaction, occurrence, or series of transactions or occurrences, and he failed to identify a specific question of law or fact that was common to all defendants. It stated that it had warned Daker that a conclusory statement that the parties were properly joined would be insufficient.

Daker moved to vacate the judgment, Fed. R. Civ. P. 59(e), and to amend his complaint again. He argued that the district court erred by not severing *sua sponte* any improperly joined defendants or claims and by not providing him notice or an opportunity to respond. He attached a proposed complaint that was 109 pages, named 30 defendants, and raised nearly identical claims.

The district court denied the motions. The district court stated that Daker was provided notice, adequate reasoning, and an opportunity to respond, as evidenced by his objections to those reasons before dismissal. It stated that it had warned Daker that failing to file a compliant complaint could result in dismissal, and it had found that he "failed to make any effort meaningfully to comply with the Court's instructions" so he could "frustrate the [Prison Litigation Reform Act's] purpose of curtailing abusive litigation."

We review the dismissal of Daker's amended complaint for abuse of discretion. *See Betty K Agencies v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under that standard, we will reverse only if the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). We also construe pleadings filed by *pro se* parties liberally, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), but this leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

22-10632                Opinion of the Court                7

Under Federal Rules of Civil Procedure 20, a plaintiff may join defendants in a single action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" *and* "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). A district court may drop a party "on its own initiative at any stage of the action and on such terms as are just." *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir. 1986) (citing Fed. R. Civ. P. 21).

Daker argues that the district court abused its discretion by ordering him to amend his complaint and to raise unrelated claims in separate complaints because he was forced to choose which claims would be barred by the statute of limitations. For the same reason, he argues that the district court abused its discretion by dismissing his amended complaint because the dismissal operated as a dismissal with prejudice as to some of his claims because of the expired statute of limitations.

To be sure, where a dismissal effectively precludes a litigant from refiling a claim for relief because the statute of limitations has expired, the dismissal is "tantamount to a dismissal with prejudice," which is a "drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018). Although dismissal of a complaint with prejudice is a sanction of last resort, *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983),

dismissal for failure to comply with a court order ordinarily does not rise to an abuse of discretion, even where less severe sanctions are available, *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Phillips v. Ins. Co. of N. Am.*, 633 F.2d 1165, 1168 (5th Cir. Unit B 1981). And we have recognized the authority of a district court to manage its own docket and to dismiss a complaint for failure to abide by its orders. *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998).

The district court did not abuse its discretion. Its decision to enforce the joinder rules after providing Daker notice and an opportunity to comply with them also curbed Daker's abusive litigation by insisting that he pay separate filing fees for separate lawsuits. The magistrate judge and district court gave reasoned analysis to the joinder issues in Daker's original complaint, explained in detail the relevant rules with which Daker's amended complaint must comply, and warned Daker that failing to file a compliant complaint "may result in the dismissal of [his] complaint."

Daker's amended complaint did not comply with the order. Although he dropped 16 defendants and four out of 11 broad sets of claims, he still failed to name at least one claim against each defendant that arose out of the same transaction or occurrence or series of transactions or occurrences. *See* Fed. R. Civ. P. 20(a)(2). Indeed, his amended complaint still raised claims against individuals at over five institutions over the course of more than five years.

The district court was not required to expend judicial resources culling through Daker's amended complaint and deciding

22-10632               Opinion of the Court                    9

*for* him which claims against more than 100 defendants should remain. *See Campbell*, 760 F.3d at 1168–69. It was entitled to order Daker to make those decisions himself and to bring his complaint into compliance with the rules. When he failed to do so and filed a materially identical complaint, it was within the discretion of the district court to manage its docket by dismissing the amended complaint for failing to comply with its order. *Magluta*, 162 F.3d at 664.

Daker also has identified no manifest legal error that would merit vacating the judgment. Fed. R. Civ. P. 59(e). In the light of Daker's noncompliance after having received notice of the joinder requirements and a dismissal warning, the district court did not abuse its discretion by denying him leave to file another amended complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

We **AFFIRM** the dismissal of Daker's amended complaint and the denial of his motion to vacate.