[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12369

Non-Argument Calendar

_____

WASEEM DAKER,

                                        Plaintiff-Appellant,

*versus*

COMMISSIONER, GEORGIA DEPARTMENT OF
CORRECTIONS,
JACK KOONS,
Facilities Director,
ROBERT TOOLE,
Field Operations Director,
AHMAD HOLT,
Deputy Field Operations Director,

2                    Opinion of the Court                    22-12369

ADRIAN NELSON,
Statewide Tier Coordinator, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:21-cv-00003-JRH-CLR

_____

_____

No. 23-11445

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

TIMOTHY WARD,
Commissioner,
JACK KOON,
Facilities Director,

ROBERT TOOLE,
Field Operations Director,
AHMAD HOLT,
Deputy Field Operations Director,
ADRIAN NELSON,
Statewide Tier Coordinator, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:21-cv-00003-JRH-CLR

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals (a) the district court's *sua sponte* dismissal of his first amended complaint raising claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and (b) the district court's denial of his post-judgment motions pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. With respect to the dismissal order, he argues that the district court abused its discretion by *sua sponte* dismissing his first amended complaint for failure to comply with a court order. With respect

to the denial of his post-trial motions, he argues that the district court abused its discretion by not letting him file a post-judgment second amended complaint and by not vacating its previous order denying his motion for a preliminary injunction.

Following a review of the record and Mr. Daker's brief, we affirm.

## I

We review for abuse of discretion the dismissal of an action for failure to comply with the rules or orders of the district court. *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (citation omitted).

## A

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." A district court may *sua sponte* dismiss a case under the authority of either (1) Rule 41(b), or (2) its "inherent power to manage its docket." *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

Unless the district court specifies otherwise, a Rule 41(b) dismissal acts as an adjudication upon the merits: "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and

any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." An adjudication on the merits is, in turn, presumed to operate as a dismissal with prejudice unless the district court specifies otherwise. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'").

We have held that "[t]he severe sanction of dismissal with prejudice . . . can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. W. of Eng. Ship Owners Mut. Protection & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) (citation omitted). "Dismissal with prejudice is a sanction of last resort that is to be utilized only in extreme situations." *Id.* "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). This is so even when "less drastic sanctions are available." *Phillips v. Ins. Co. of N. Am.*, 633 F.2d 1165, 1168 (5th Cir. 1981).

**B**

In August of 2020, the district court for the Northern District of Georgia entered a permanent injunction against Mr. Daker after finding that his extensive, abusive, and vexatious litigation history had improperly burdened the court. Among other things, the permanent injunction required that Mr. Daker file a copy of the injunction order with every lawsuit that he filed in any federal court,

along with a list of every case he had filed in federal court and its disposition.  The injunction also warned Mr. Daker that if he did not comply with its terms, his complaint could be "summarily dismissed."  Mr. Daker appealed the permanent injunction, but we affirmed.  *See Daker v. Governor*, No. 20-13602, 2022 WL 1102015, at *1-*2 (11th Cir. April 13, 2022).

When he filed his 86-page initial complaint in this case, in the Southern District of Georgia, Mr. Daker sought a preliminary injunction compelling the defendants to provide him with access to photocopies for his litigation.  He said that he needed to copy documents he was going to file with the court or serve on opposing counsel so that he could keep a copy for himself.  But he never asserted that he needed to make copies of the permanent injunction that had been entered against him in the Northern District of Georgia.  *See generally*  D.E. 3 at 1-14; D.E. 4 at 1-17.

The magistrate judge issued a report recommending denial of Mr. Daker's motion for a preliminary injunction.  *See* D.E. 7.  Over Mr. Daker's objection, the district court adopted the report and denied the motion.  *See* D.E. 15.

Then the magistrate judge issued another report recommending that Mr. Daker's complaint be dismissed without prejudice in its entirety.  *See* D.E. 24.  Mr. Daker objected to the report, *see* D.E. 28, but also filed a 100-page first amended complaint.  Though he listed his litigation history in the first amended complaint, he did not attach a copy of the permanent injunction from the Northern District of Georgia.  *See* D.E. 30.

The district court concluded that the first amended complaint superseded the initial complaint and rendered the magistrate judge's report and recommendation moot. *See* D.E. 38. The district court ruled that the allegations in the first amended complaint against the Georgia Department of Corrections defendants were malicious, duplicative, and precluded by his prior lawsuits, and as a result dismissed the claims against those defendants with prejudice. *See id.* at 4-17, 24. As for the allegations against the Smith State Prison defendants, the district court concluded that they constituted a shotgun pleading and dismissed the claims against those defendants without prejudice. *See id.* at 17-24.

Alternatively, the district court concluded that the case should be dismissed because Mr. Daker had failed to comply with a court order, i.e., he had not attached a copy of the permanent injunction order from the Northern District of Georgia to the first amended complaint. *See id.* at 23-24. The district court did not specify whether the dismissal for this failure to comply was with or without prejudice, but as noted it acted as an adjudication on the merits pursuant to the text of Rule 41(b).

Contrary to Mr. Daker's argument, the district court did not abuse its discretion by *sua sponte* dismissing his first amended complaint for failure to comply with a court order. The permanent injunction issued by the district court for the Northern District of Georgia warned Mr. Daker that his complaint would be "summarily dismissed" if he did not comply with its terms. And it is clear, from Mr. Daker's appeal of that permanent injunction, that he was

aware of its existence and its terms.  Under the circumstances, including Mr. Daker's abusive litigation history, *see Daker*, 2022 WL 1102015, at \*1-\*2, we cannot say that the district court committed a clear error of judgment in concluding that his contumacious behavior warranted the severe penalty of dismissal with prejudice. *See Betty K Agencies, Ltd.*, 432 F.3d at 1337; *Moon*, 863 F.2d at 837.

## II

We review "the denial of a Rule 59 motion for abuse of discretion." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur*, 500 F.3d at 1343 (citation omitted and alterations adopted).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.*  And such a motion cannot be used to ask the court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact.  *See Jacobs v. Tempur-Pedic Intl., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).  Generally speaking, if the district court did not err in dismissing the plaintiff's complaint, "it necessarily follows that it did not abuse its discretion in denying Rule 59(e) relief." *Id*

Here the district court did not abuse its discretion by denying the Rule 59(e) motion because Mr. Daker did not point to

newly discovered evidence or manifest errors of law or fact. *See Arthur*, 500 F.3d at 1343.

## III

We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *See Cano v. Baker*, 435 F.3d 1337, 1341-42 (11th Cir. 2006). "An appeal of a ruling on a Rule 60(b) motion . . . is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

## A

"On motion and just terms, the district court may relieve a party from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The moving party must show extraordinary circumstances so compelling that the court needed to vacate its order, and "[e]ven then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Cano*, 435 F.3d at 1342 (citation omitted).

The district court did not abuse its discretion by denying the Rule 60(b) motion because Mr. Daker generally reiterated his arguments as to the merits of his motion for a preliminary injunction and did not point to any of the enumerated circumstances under Rule 60(b) that would grant him relief. *See* Fed. R. Civ. P. 60(b); *Cano*, 435 F.3d at 1341-42; *Nw. Nat. Ins. Co.*, 198 F.3d at 1338.

### B

"Post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006). Because the district court did not err in denying Mr. Daker's Rule 59(e) and Rule 60(b) motions, it did not err by declining to allow the filing of a post-judgment second amended complaint.

That leaves Daker's challenge to the denial of his motion for a preliminary injunction. Given that we have affirmed the dismissal of Mr. Daker's first amended complaint, the appeal from the denial of preliminary injunctive relief is moot.

### IV

The district court's orders are affirmed.

**AFFIRMED.**