Everett **BURNSIDE**,
Plaintiff-Appellant,

v.

**EASTERN AIRLINES, INC.**,
Defendant-Appellee.

No. 75–2027
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1975.

Harold C. Culmer, Miami, Fla., for plaintiff-appellant.

Wm. G. Bell, Jr., Eastern Airlines, Inc., Miami, Fla., Lloyd Sutter, Robert G. Ames, Atlanta, Ga., for defendant-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

**PER CURIAM:**

Plaintiffs Burnside, Wooten and Hunter filed their initial complaint in this Title VII employment discrimination suit

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

on August 3, 1973. On January 18, 1974, the district court dismissed remaining plaintiff Burnside's amended complaint[1] for failure to respond to defendant's motion to dismiss. At the same time, the district judge ordered that the cause be dismissed as a class action by reason of plaintiff's failure to appear at a special hearing called to consider the appropriateness of proceeding with the class action. Almost seven months later, on August 8, 1974, plaintiff Burnside filed a Rule 60(b) motion for relief from the district court's granting of the motion to dismiss. The district court denied plaintiff's motion, and plaintiff failed to prosecute an appeal from that denial. After substitution of counsel, plaintiff filed a second Rule 60(b) motion for relief on January 23, 1975. Six days later the district court denied plaintiff's second motion, and plaintiff filed timely notice of appeal.

The clear purpose of plaintiff Burnside's second Rule 60(b) motion for relief from judgment was circumvention of the time limit for notice of appeal provided in Fed.R.App.Proc. 3(a) and 4(a).[2] The proper course of action for plaintiff Burnside, at best, would have been to file a notice of appeal within thirty days of the district court's granting of the motion to dismiss. At a minimum, the filing of notice of appeal in the district court after denial of the initial Rule 60(b) motion might well have afforded plaintiff some relief. Had plaintiff pursued the latter, appellate review would be limited to the district court's exercise of discretion in denying the Rule 60(b) motion, and would not have extended to consideration of the motion to dismiss granted on January 18, 1974. *Saenz v. Kenedy*, 5 Cir. 1950, 178 F.2d 417, 419; *Wagner v. United States*, 2 Cir. 1963, 316 F.2d 871. The well-recognized rule, however, and that which comports with the time limit imposed by Rules 4(a) and 3(a), precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal. *Horace v. St. Louis Southwestern R. Co.*, 8 Cir. 1974, 489 F.2d 632; *Hodgson v. United Mine Workers of America*, 1972, 153 U.S.App. D.C. 407, 473 F.2d 118; *Wojton v. Marks*, 7 Cir. 1965, 344 F.2d 222; *Demers v. Brown*, 1 Cir., 343 F.2d 427, *cert. denied*, 1965, 382 U.S. 818, 86 S.Ct. 40, 15 L.Ed.2d 64. Upon an examination of the record as a whole, this Court is left with the firm conviction that plaintiff has engaged in unnecessary delay and exhibited a significant history of nonappearance and unresponsiveness.[3] The time for notice of appeal on plaintiff's initial Rule 60(b) motion having run, the filing of another such motion alleging substantially similar grounds for relief does not provide plaintiff with a second opportunity for appellate review. *Cf. Ellis v. Richardson*, 5 Cir. 1973, 471 F.2d 720. The appeal is dismissed.

1. Plaintiff Burnside's amended complaint of November 30, 1973, deleted Wooten and Hunter as plaintiffs and sought additional class relief for all past and present Black employees of Eastern Airlines.

2. Filing of notice of appeal within the 30 day time period specified in Rules 4(a) and 3(a) is mandatory and jurisdictional, and absent compliance, the appeal must be dismissed. *Gulf-Tampa Drydock Co. v. Vessel Virginia Trader*, 5 Cir. 1970, 435 F.2d 150; *Knowles v. United States*, 5 Cir. 1958, 260 F.2d 852, 854.

3. Plaintiff's failure to comply with Rule 30(a), requiring the preparation and filing of an appendix to the briefs, and Rule 30(b), requiring service on appellee of designation of those portions of the record which appellant intends to include in the appendix, are additional indicia of the unnecessary delay demonstrated in this case. Notwithstanding the power of the Clerk to dismiss for want of prosecution under Local Rule 9(b)(2), or the option of this Court to dispense with the requirement of an appendix, Rule 30(f), F.R.A.P., plaintiff Burnside's appeal suffers from the antecedent defect of improper usage of a Rule 60(b) motion as a substitute for timely appeal.