CHRYSLER CREDIT CORPORATION, a Delaware corporation, Plaintiff-Appellee,

v.

Joseph L. MACINO, et al., Defendants-Appellants.

No. 82-3063.

United States Court of Appeals, Seventh Circuit.

Argued May 10, 1983.

Decided June 17, 1983.

Nicholas G. Dozoryst, II, Dozoryst & Brustein, Chicago, Ill., for defendants-appellants.

Maurice J. McCarthy, Chicago, Ill., for plaintiff-appellee.

Before BAUER, WOOD, Circuit Judges, and GIBSON, Senior Circuit Judge.*

BAUER, Circuit Judge.

Appellants Joseph L. Macino, Mary Ann Macino, Anthony G. Macino and Michael A. Macino (collectively Macinos) appeal the district court's denial of their motions to vacate its orders granting a default against them and entering the default judgment. We hold that the district court did not abuse its discretion in granting the default under FED.R.CIV.P. 55 or in denying the Macinos' motions to vacate under FED.R. CIV.P. 55(a), 59, 60(b).[1]

---

* The Honorable Floyd R. Gibson, Senior Judge of the United States Court of Appeals for the Eighth Circuit, is sitting by designation.

1. The Macinos improperly ignored the technical distinctions among the three rules. They filed two motions, both captioned "Motion to Vacate Default and For Leave to File Answer Instanter." The first motion was brought pursuant to FED.R.CIV.P. 55(c) and FED.R.CIV.P. 60(b). The second motion was brought pursuant to FED.R. CIV.P. 55(c), FED.R.CIV.P. 59, and FED.R.CIV.P. 60(b). Because the first motion requested the court to set aside the default before the judgment by default had been entered, only Rule 55(c) applied. Because the second motion was made after the judgment by default was entered, only Rule 60(b) applied. Rule 59, providing for new trials and amendments of judg-

The controversy arose when the Macinos failed to answer a complaint filed against them by Chrysler Credit Corporation. The complaint, filed on June 1, 1982,[2] sought enforcement of the Macinos' personal guarantees on a financing agreement between Chrysler Credit Corporation and Glory Chrysler-Plymouth, Inc.[3] The four Macinos were served by July 10, 1982.[4] Twenty days later, on July 30, 1982, attorneys Nicholas G. Dozoryst II, and Edita Arambulo Maier, of the firm of Dozoryst & Brustein, filed appearances on behalf of the Macinos. Although the answers were due, or past due, by this date, the attorneys did not file any pleadings with the appearances.

On August 10, 1982, the district court set a status hearing for October 21, 1982. Eight days later Maier filed a motion to extend the time in which to answer. Maier conceded that the answers were past due. She explained, however, that the pleadings had not been prepared because Dozoryst had become ill in June, had undergone surgery the day the appearances were filed and had not been released from the hospital until August 9. She requested an extension to August 30, 1982. Although the trial judge granted the extension, no pleadings were filed by August 30, 1982.

Chrysler Credit then filed a motion for default judgment. This motion was argued on September 16, 1982; attorneys for both sides appeared. The trial court concluded that the defendants had failed to show good cause for the default, granted Chrysler's motion for the default, and scheduled a hearing on damages for October 8. Thereafter, pursuant to FED.R.CIV.P. 55(c) and FED.R.CIV.P. 60(b), the Macinos filed a timely. motion to vacate the default. The motion was noticed for the same day as the hearing on damages. At the hearing the judge concluded that this case could not be

characterized as one of excusable neglect and denied the motion to vacate the entry of default. He stated:

> I have been a judge for a long time and I have never seen anything like this before. If there had been no request for an extension of time . . . but there was and it was granted and it is not complicated to file something in the federal court in the way of an answer. And you are familiar with the courts. . . .

Hearing of Oct. 8, 1982, at 14. The judge continued the hearing on damages until November 1, at which time he entered the default judgment against the Macinos, jointly and severally, for $1,275,841.03 with 9% interest and costs.

Nineteen days later the Macinos filed a second motion to vacate. This second motion was brought pursuant to FED.R.CIV.P. 55(c) and FED.R.CIV.P. 60(b). Characterizing this second motion as repetitive, the judge denied it for the same reasons he denied the first motion. This appeal followed.

Chrysler Credit maintains that no jurisdiction exists under any of the federal rules on which the Macinos rely and, thus, this appeal must be dismissed. First it argues that neither FED.R.CIV.P. 55(c) or FED.R.CIV.P. 59 has any application here. It avers that no appellate jurisdiction exists under Rule 55(c) because a motion under that rule is inappropriate after a judgment has been entered. It asserts that appellate jurisdiction does not exist under FED.R.CIV.P. 59 because the motion to vacate was not filed within ten days after the trial judge entered the judgment and judgment order. It also maintains that Rule 59 cannot be invoked in a situation where, as here, no new evidence has been offered to support an amendment of the judgment.

ments which have already been entered, had no relevance to either motion.

2. Although the docket sheet filed with the Record on Appeal clearly establishes that the complaint was filed on June 1, 1982, the Macinos state that the complaint was filed on June 4, 1982.

3. Glory Chrysler-Plymouth, Inc., filed its Petition in Bankruptcy about six months after the complaint was filed.

4. Michael A. Macino was served on June 12, 1982; Mary Ann Macino and Joseph L. Macino were served on June 21, 1982 and Anthony G. Macino was served on July 10, 1982.

Thus, Chrysler Credit contends that this appeal is controlled by FED.R.CIV.P. 60(b). Reading that rule in conjunction with FED.R.CIV.P. 4(a), it states that an appeal from a denial of a Rule 60(b) motion must be filed within thirty days from the date of the entry of the judgment. The first motion to vacate was filed on October 8. Since that motion invoked both Rule 55(c) and Rule 60(b), Chrysler alleges that the thirty day appeal period began to run on October 8. It insists that because this appeal was not filed until seventy-two days after October 8, it was not timely. Under Chrysler's analysis the Macinos filed their second motion on November 19 merely to revive the already expired period for taking an appeal. Chrysler urges this court to hold that the filing of the second motion to vacate, which raised substantially the same allegations as the first motion, had no legal effect.

■ While we agree that neither FED.R.CIV.P. 55(c) or FED.R.CIV.P. 59 confer this court with jurisdiction, we find that jurisdiction exists under FED.R.CIV.P. 60(b). Rule 60 provides relief from a final judgment or order. It is undisputed that the final judgment was entered on November 1 and the motion to vacate that judgment was filed on November 19. Thus, the thirty day appeal period specified in FED.R.APP.P. 4(a)(1) began to run on November 19. Since the Macinos filed their notice of appeal within the thirty day period after the trial judge denied the second motion to vacate, appellate jurisdiction has been preserved.

Chrysler argues that the appeal period began to run from the date the first motion to vacate was filed because that motion also invoked Rule 60(b). The argument is unpersuasive. Indeed, this contention contradicts Chrysler's other argument that Rule 55(c) is inappropriate after a judgment has been entered. If Rule 55 is inapplicable once a judgment has been entered, by the same reasoning, Rule 60 can have relevance only after the final judgment has been entered. 7 J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 60.22[2] at 247 (2d ed. 1982). The mere fact that the Macinos attempted to assert Rule 60(b) in the first motion to vacate the entry of default does not make that rule applicable.

Chrysler's reliance on *Planet Corp. v. Sullivan,* 702 F.2d 123 (7th Cir.1983) to support its contention that this court does not have jurisdiction over this appeal is misplaced. In *Planet Corp.* the defendant filed two Rule 60 motions to vacate a default judgment; both motions were filed after the judgment had been entered. The first motion, alleging new grounds for relief, was made six months after the judgment had been entered. The second motion was made 363 days after the entry of judgment. Under these circumstances this court held that the filing of a second 60(b) motion was untimely because the late filing was manifestly unreasonable. In contrast, in this case only one motion to vacate was filed after the default judgment was entered. Thus, the appeal period ran from the date of that motion.[5]

Relying solely on *Chapman v. Henry A. Dreer, Inc.,* 14 F.R.D. 218 (E.D.Pa.1953), Chrysler asserts that any distinction between Rule 55(c) and Rule 60(b) is erased once a party presents a motion to set aside an entry of default under FED.R.CIV.P. 60(b) before judgment has been entered on that default. We do not read *Chapman* to stand for that proposition. There the defendant filed only one motion, entitled "Motion to Set Aside Default and Default Judgment."

---

5. Chrysler's reliance on *Burnside v. Eastern Airlines, Inc.,* 519 F.2d 1127 (5th Cir.1975) is also misplaced, because like the situation in *Planet Corp.,* in *Burnside* the two motions to vacate the judgment of dismissal were both filed after the final judgment had been entered. The first motion was made seven months after the dismissal; the second motion was made almost six months later, after a substitution of plaintiff's counsel. Since both motions were filed after the entry of final judgment, the *Burnside* court correctly held that the filing of the second 60(b) motion, alleging a substantially similar ground for relief, did not provide the plaintiff with a second opportunity for appellate relief. Because of the factual differences between *Burnside* and the case currently before this court, we believe the *Burnside* holding has no relevance here.

At the time the motion was filed no judgment had been entered. However, since the default had been noted of record by the Clerk of the Court, the trial judge treated the motion as a motion under Rule 60(b) to set aside the default judgment. This case simply has no relevance to this situation where we must determine which of the two motions is relevant for the purposes of computing the appeal period.

Having concluded that this court has jurisdiction over this appeal we turn to the merits of the case. The Macinos assert that the trial judge first abused his discretion in granting the default and then by denying their motions to vacate. We cannot agree.

■ We first consider whether the judge abused his discretion in granting the default. The record reveals that the trial judge carefully examined the circumstances surrounding counsel's failure to file an answer and concluded the failure was unjustified. The judge noted that: (1) the court had granted the extension of time requested by Dozoryst's associate; (2) although Dozoryst was ill, the associate from his firm could have filed an answer just as that associate had handled the motion for extension of time; (3) the complaint was a "very simple complaint strictly on a written guarantee," hearing of October 8, 1982, Tr. at 17, and required a response which would have taken "two or three hours to do. Two or three hours at the most." *Id.* at 13. The trial judge also carefully considered and properly rejected Dozoryst's argument that he was unable to file an answer because he had not been able to meet with referring counsel. Dozoryst claimed this meeting was necessary so that he could discuss whether the Macinos had any affirmative defenses or counterclaims and ascertain the status of Glory Chrysler-Plymouth, Inc.'s bankruptcy. The judge rejected these excuses, emphasizing that the federal rules permit "liberality in amendments to pleadings once they have been filed . . . ." *Id.* at 15. We find ample justification for the entry of default.

We next consider whether the trial judge properly denied the motions made pursuant to Rule 55(c) and Rule 60(b) to vacate the entry of default and the default judgment. Rule 55(c) provides that an entry of default may be vacated for good cause. Rule 60(b) provides for relief from a final judgment or order because of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. Since the standard to set aside an entry of default under Rule 55(c) is essentially the same as the standard for vacating a default judgment under Rule 60(b), *Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182 (7th Cir.1982), we consider the motions in tandem.

The Macinos assert that they can satisfy the good cause requirement under Rule 55(c) because: (1) the default was not willful; (2) the vacation of the default would not prejudice Chrysler Credit; and (3) the Macinos had a meritorious defense. The record belies these assertions.

■ Mindful that the federal rules do not favor delay, we believe that the failure to file an answer for over two months after it was due, despite the fact that the district court granted the extension of time requested, is strong evidence that the litigation was not handled with due diligence. We do not believe Dozoryst's illness made it impossible to file an answer before the extension of time had expired. Maier, the other attorney of record from Dozoryst's firm who handled the motion for extension of time, certainly could have filed an answer to the simple complaint. Any defects in that answer could have been cured by amendment after Dozoryst recovered and had an opportunity to confer with referring counsel. Under the circumstances, counsel's failure to efficiently handle his docket constitutes willfulness.

In addition, reopening the entry of default would have prejudiced Chrysler Credit, the party without fault, by requiring it to devote time and money to additional litigation. Moreover, failure to vacate the default will not prejudice the Macinos because they are not foreclosed from asserting any valid claims they may have against Chrysler Credit in the bankruptcy proceed-

ings. Therefore, we find no evidence of good cause for vacating the entry of default.

Although the elements for relief under Rule 55(c) and Rule 60(b) are substantially the same, the standards are applied more stringently when considering a motion to vacate a default judgment under Rule 60(b). *Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182 (7th Cir.1982). Since the Macinos have failed to establish good cause for vacating the original entry of default, they clearly cannot satisfy the more stringent requirements for relief from the default judgment under Rule 60(b). *Id.* The record establishes that the trial judge accorded the Macinos ample opportunity to have their day in court. Since the Macinos did not avail themselves of that opportunity in the district court, they cannot look to this court for relief. Accordingly, the judgment of the district court is

AFFIRMED.