**In re VALLEY ENGINEERING COMPANY, Debtor.**

**UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff,**

v.

**VALLEY ENGINEERING COMPANY, Dennis Maher, Joanne K. Maher, Village of East Dundee, and Village of West Dundee, Defendants.**

**Bankruptcy No. 81 B 14100.
Adv. No. 81 A 4157.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

May 24, 1984.

Pamela Hollis, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for plaintiff.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter is before the court on the defendant's "the Village" motion to reconsider the order of February 28, 1984 in which this court denied East Dundee's motion to vacate an order entered on May 16, 1983. For the reasons set forth herein, the Village's motion to reopen the judgment pursuant to Rule 59 is denied.

## FACTS

On October 5, 1982, this court ordered the Village to turn over to the plaintiff herein (USF & G) certain special assessment bonds in the amount of $57,856.57. The Village did not comply with that order. On May 17, 1983, on USF & G's motion for a rule to show cause, this court held the Village in contempt and entered judgment against it in the amount of $57,856.57. Counsel for the Village did not appear at the May 16, 1983 hearing.

The Village has presented affidavits which set forth neglect and misrepresentation of its previous attorneys, as well as inability to comply as the reasons for its failure to comply with an earlier turnover order and failure to appear at the May 16 hearing. When considering the initial motion to vacate, this court found persuasive the fact that the Village's new attorneys had known of the contempt order and judgment since July 11, 1983 yet did not file the 60(b) motion until December 2, 1983 with no explanation for those actions. Additionally, the court considered the possible prejudice to both the Village and USF & G. While the Village is forced to pay the judgment from its treasury rather than through a bond issue, it is, after all, merely paying for services of which it is enjoying the benefits. On the other hand, the court notes that USF & G had not been paid and had incurred additional expenses in litigation. The court noted those elements of prejudice in light of the time elapsed and denied the Village's motion to vacate.

The Village asserts that the court erred 1) in finding that the Village had failed to explain its delay; 2) in finding that USF & G stands to be severely prejudiced; and 3) in "implicitly" finding that its order did not severely prejudice the Village. The court shall consider those issues in deciding the Village's motion to reconsider under Rule 59.

## DISCUSSION

Rule 59 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 9023 of the Bankruptcy Rules of Procedure provides in part that the court may "open the judgment ..., amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Fed.R.Civ.P. 59(a). One purpose of the Rule 59 motion is to allow the trial court to exercise its "power and duty to order a new trial whenever, in its judgment, this action is required in order to prevent injustice." 11 C. Wright & A. Miller, Federal Practice and Procedure § 2803 (1973).

For the reasons discussed below, the court determines that it is in the interest of justice to deny the Village's motion.

The Village has first argued that it did, in fact, explain the reasons for the delay in filing its 60(b) motion and asserts that it should have been obvious to the court that it needed time to gather information

against its former attorney necessary to support its motion. The Village correctly points out that that argument was not explicitly made in its 60(b) motion. More important, however, is the fact that that argument explains nothing as to why other colorable grounds for relief were not brought before this court in a timely fashion after the Village became aware, on July 11, 1983 of the turnover order and the contempt order.

The second error which the Village asserts is that this court incorrectly determined that USF & G had been severely prejudiced. At the crux of that finding is the simple fact that the Village received and presumably enjoyed the benefit of the project completed nearly two years ago. USF & G, as guaranty, bore the expense of completing the project. Yet the Village has not paid USF & G. That is the primary source of prejudice to USF & G.

Tangentially, this court noted that USF & G had lost a prospective purchaser for the bonds. While the finding of prejudice was not premised upon that factor, the Village has never before contested that assertion, and cannot properly contest it for the first time at this stage of the proceedings.

Moreover, the Seventh Circuit has explicitly recognized additional time and expense of litigation as a cognizable element of prejudice. *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir.1983). This court referred to those criteria in finding that USF & G had been prejudiced. This court does not consider its finding of prejudice to USF & G to have been in error.

Finally, this court made no "implicit" finding that the Village had not been prejudiced, and was aware that the form of payment would differ under the May 16, 1983 contempt order. In weighing the potential harm to the parties, the court determined that the equities demanded that the court exercise its discretion in favor of the plaintiff USF & G.

The motion to open the judgment is denied.