884 F.2d 1392
 RICO Bus.Disp.Guide 7323
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NEW YORK LIFE INSURANCE COMPANY, and New York Life Insurance
and Annuity Corp., Plaintiffs-Appellees,
v.
John F. GAMBLE, Defendant-Appellant,
Vernon F. Gamble, Jr., Defendant.
 No. 88-5494.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1989.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and RICHARD B. McQUADE, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, John Gamble, appeals from the district court's order denying his motion to set aside a default judgment against him. For the following reasons, we affirm the order of the district court.
 
 I.
 
 2
 John Gamble (Gamble) and his father, Vernon Gamble (Vernon), are former agents of the plaintiffs-appellees, New York Life Insurance Company and New York Life Insurance and Annuity Corporation (New York Life). In late 1984, New York Life suspected that John and Vernon Gamble defrauded the companies of over $850,000. After an investigation, New York Life terminated the agency relationship in late 1984 and early 1985. On February 7, 1986, New York Life filed an action alleging fraud, conversion, negligence, and violations of 18 U.S.C. Sec. 1962 (1982) (the Racketeer Influenced and Corrupt Organizations Act). In addition, New York Life sought a declaration of non-liability, unenforceability and recission with respect to John Gamble's disability contracts with the company. On March 28, 1986, John Gamble was served with process through his daughter. At the time of service, according to Gamble, he was receiving psychological treatment for his degenerating mental condition. Consequently he failed to appear or answer New York Life's complaint, either personally or through counsel. On July 7, 1986, New York Life moved for default against Gamble. As a result of Gamble's failure to respond, a default was entered against him on all counts on July 11, 1986.
 
 
 3
 On July 18, 1986, Robert Rose, a lawyer who purported to represent Gamble, moved to set aside the default (the Rule 55(c) motion). The district court, rather than rule on Gamble's motion, directed the entry of partial default judgment on July 28, 1986, and it was entered on July 31, 1986. On August 19, 1986, the district court ordered defendant to appear and show cause as to why the judgment should not be set aside. On September 5, 1986, John Gamble did not appear personally, but Rose argued that the default judgment should be set aside because Gamble was suffering from an emotional disorder at the time he was served with the complaint (the Rule 55(c) motion). After the hearing, the district court denied the motion in a ruling from the bench.
 
 
 4
 On November 13, 1986, after obtaining substitute counsel, Gamble filed a motion for reconsideration of the order denying the request to set aside the default judgment (the Rule 60(b) motion). Gamble again argued that he was suffering from an emotional disorder which prevented him from answering the complaint. In particular, Gamble offered the September 26, 1986 finding of an Administrative Law Judge ("ALJ")--which concluded that Gamble suffered from an "affective disorder" and was psychologically disabled (since September 8, 1984) within the meaning of the Social Security Act. In an attempt to develop evidence relating to Gamble's alleged disability, New York Life filed a motion, on December 3, 1986, for the production of Gamble's entire Social Security file, and for an extension of time to respond to defendant's motion to set aside the default judgment. After more than a year of discovery, the district court denied the motion for reconsideration (the second motion) on April 6, 1988. The court held that Gamble did not show "excusable neglect" or any other "extraordinary circumstances" that warranted setting aside the default judgment under Fed.R.Civ.P.Rule 60(b). On April 29, 1988, Gamble appealed the denial of his second motion to this court.
 
 II.
 
 5
 New York Life contends that this court does not have jurisdiction to hear this appeal because the notice of appeal was not filed within 30 days from the date of entry of judgment, as required by Fed.R.Civ.P.Rules 3(a) and 4(a). Specifically, New York Life argues that where the second motion raises exactly the same claims as the first, Gamble should have only 30 days after the decision on the first motion to file his appeal. Since Gamble filed his second motion to set aside the default judgment on November 13, 1986, more than 60 days after the denial of the first motion, New York Life maintains that the 30 day appeal period had expired, and, subsequently, that this court does not have jurisdiction to hear this appeal.
 
 
 6
 Under the Federal Rules of Civil Procedure, a Rule 60(b) motion is made to set aside default judgments, while a Rule 55(c) motion is made to set aside defaults, an earlier step in the process. Rule 60(b) requires that a motion be made "within a reasonable time" in general, and within a year for certain reasons, such as "excusable neglect," the claim raised by Gamble. In Chrysler Credit Corp. v. Mancino, 710 F.2d 363 (7th Cir.1983), the Seventh Circuit held that the 30 day appeal period did not run from the date in which the district court ruled on the first motion to vacate judgment because that motion was filed before the entry of final judgment. Instead, the Chrysler court held that the appeal period ran after the decision on the second motion to vacate (the Rule 60(b) motion), filed after the entry of judgment. Id. at 366.
 
 
 7
 In the instant case, Gamble filed his first motion on July 18, 1986, under Rule 55(c), before the entry of final judgment on July 31, 1986. The second motion, under Rule 60(b), was filed on November 13, 1986, more than three months after entry of judgment. Under the standards of Rule 60(b), we find that the second motion was filed within a reasonable time. Because the second motion was under a different procedural rule than the first motion, the appeal period did not run until after the denial of the second motion on April 6, 1988. Therefore, we have jurisdiction over this appeal.
 
 III.
 
 8
 On appeal Gamble argues that the district court's denial of his motion to set aside the default judgment was improper. This court will not disturb Rule 60(b) determinations unless the district court has abused its discretion. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980). However, because trials on the merits are favored, a "glaring abuse" of discretion is not required for reversal of a court's denial of a motion for relief from default judgment. INVST Financial Group v. Chem-Nuclear Systems, 815 F.2d 391, 397-98 (6th Cir.1987), cert. denied, 108 S.Ct 291 (1987) (citations omitted).
 
 
 9
 In INVST we set forth three factors which determine the outcome of a motion to vacate a default judgment generally: (1) the prejudice to the plaintiff; (2) the merits of the defense and (3) the culpability of the conduct of the defendant leading to the default. Id. at 398. Although we find no prejudice to the plaintiff if the default judgment were set aside, our examination of the other two factors indicates that the district court did not abuse its discretion in denying Gamble's motion.
 
 
 10
 With respect to the merits of the defense, the INVST court noted that the key consideration is "whether there is some possibility that the outcome of the suit after a full trial [would] be contrary to the result achieved by the default." Id. Gamble contends that his mental disability would negate the element of intent in the conscious wrongdoing claim, and would entitle him to receive disability payments from New York Life. While Gamble's defense applies to any actions occurring after the onset of the mental disorder on September 8, 1984, it has no merit for the actions before that date, when most of the alleged activity occurred. Thus, because we are convinced that there is little chance that the outcome of the case would be different, we find that Gamble's defense is not meritorious.
 
 
 11
 The third factor is the culpability of the conduct of the defendant leading to the default. The district court properly noted that Gamble was actively pursuing his claim before the Social Security Administration during the same period in which he ignored New York Life's complaint against him. It stated that his "capacity to engage in these activities strongly suggests, if not establishes, that he was equally capable of understanding the nature of the proceedings in this court." J.App. at 394. We find that the district court's conclusion that Gamble's default was deliberate was reasonable. Thus, on the basis of the three factors set forth in INVST, we conclude that the district court did not abuse its discretion in denying the motion for setting aside the default judgment.
 
 IV.
 
 12
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., United States District Court for the Northern District of Ohio, sitting by designation