**CONNECTICUT NATIONAL MORT-GAGE CO., Plaintiff–Appellee,**

v.

**Richard P. BRANDSTATTER, Defendant–Appellant.**

No. 89–2688.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 31, 1990.

Decided March 12, 1990.

884

Martha E. Tjossem, Pamela H. Levin, James P. Mullally, Shapiro & Kreisman, Deerfield, Ill., and Philip W. Brown, Massucci, Blomquist, Brown & Judson, Arlington Heights, Ill., for plaintiff-appellee.

James A. Blazina, Christopher Jacobs, Chicago, Ill., for defendant-appellant.

Before POSNER, EASTERBROOK and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

The defendant in this diversity suit to foreclose a mortgage was first served with the complaint on April 4, 1989, and so his answer was due on April 24. Fed.R.Civ.P. 12(a). No answer was filed, but since the plaintiff filed an amended complaint that day, the defendant had another ten days in which to file his answer. Fed.R.Civ.P. 15(a). The ten days came and went; no answer. The plaintiff notified the defendant that it would present a motion for the entry of an order of default and for entry of judgment at the status hearing scheduled for July 12. The defendant arrived at court that day, filed his answer to the complaint in the clerk's office, and proceeded to the courtroom for the status hearing, at which he planned to ask Judge Conlon for leave to file the untimely answer. When he arrived he discovered to his dismay that she had, without notice, vacated the order setting the hearing and had entered a default judgment against him. He filed a motion to vacate the judgment two days later. Judge Conlon's response was an invitation, which he accepted, to file an affidavit seeking to establish good cause to vacate the judgment. The affidavit was signed by the head of the law firm that represents the defendant and explained that the lawyer assigned to the case was new, "taking the place of the only litigation attorney[,] who [had] left the firm unexpectedly and prior to the arrival of [the defendant]," and that "due to [the new attorney's] own practice and the practice at this firm, he was extremely busy during the next four months" and as a result unable to maintain close contact with the defendant. Judge Conlon was not impressed, and denied the motion to set aside the default judgment in a brief order which states that the defendant's "affidavit fails to show good cause or excusable neglect for his default."

Rule 55(c) of the Federal Rules of Civil Procedure provides that a motion to vacate a default judgment (as distinct from a default order) is governed by the standards of Rule 60(b). The part of Rule 60(b) applicable to the default in this case is "excusable neglect," which is in subsection (1). The district judge has broad discretion in the application of Rule 60(b), *Simons v. Gorsuch*, 715 F.2d 1248, 1252–53 (7th Cir. 1983); 11 Wright & Miller, Federal Practice and Procedure § 2857 (1973), and that discretion was not abused in this case. Counsel's affidavit disclosed routine back-office problems, no more; such problems do not

rank high in the list of excuses for default and certainly do not *require* a district judge to relieve a party from a default judgment. *Chrysler Credit Corp. v. Macino,* 710 F.2d 363 (7th Cir.1983).

This observation would end the case had not Judge Conlon canceled without notice the status hearing at which the defendant planned to move for leave to file his untimely answer. When she granted the plaintiff's motion for default she had no idea that the defendant had just attempted to file his answer; had she known, she might not have granted the motion. It is true that relief from a default order requires a showing of good cause, Fed.R.Civ.P. 55(c), that "good cause" is not sharply distinguishable from "excusable neglect," if it is distinguishable at all, *Lorenzen v. Employees Retirement Plan,* 896 F.2d 228, 231–232 (7th Cir.1990), and that some decisions, illustrated by *United States v. DiMucci,* 879 F.2d 1488, 1493 n. 9 (7th Cir.1989), imply that the standards for setting aside a default are the same under Rules 55(c) and 60(b). Most decisions, however, hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order. *North Central Illinois Laborers' District Council v. S.J. Groves & Sons Co.,* 842 F.2d 164, 165, 166 n. 3 (7th Cir.1988); *Chrysler Credit Corp. v. Macino,* 710 F.2d 363, 368 (7th Cir.1983); *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 187 (7th Cir.1982); *Phillips v. Weiner,* 103 F.R.D. 177, 181 (D.Maine 1984); 10 Wright, Miller & Kane, Federal Practice and Procedure § 2691, at pp. 469–72 (2d ed. 1983). Such an order normally is entered by the clerk of court automatically upon the failure to file a timely pleading. Fed.R.Civ.P. 55(a). And as it does not conclude the lawsuit, the practical considerations that support a strong presumption against the reopening of final decisions are not in play. The defendant in this case was denied an opportunity to argue that a default judgment should not be entered, but instead was forced to bear the heavier burden of showing that a judgment already entered should be set aside.

There is a more fundamental reason why the case must be remanded. No default had been entered against the defendant when he showed up for the hearing. If the hearing had been held, the initial question would simply have been whether Judge Conlon was willing to allow the defendant to file an untimely answer. To grant such a motion the judge would not have had to find good cause or excusable neglect, although some finding, however attenuated, of either would be implicit in favorable action on the motion. Because she canceled the hearing and simultaneously granted the plaintiff's motion for entry of a default judgment, she never had an opportunity to pass on a simple motion to file the answer that the defendant had prepared. We cannot be certain from Judge Conlon's brief order refusing to set the judgment aside whether she would have denied the defendant's motion to file his answer on the day of the status hearing if she had known about the motion then. By canceling the hearing she disabled herself from exercising the broad discretion that the civil rules give her.

The judgment is therefore vacated and the case remanded for consideration of the defendant's motion to file his answer late.

VACATED AND REMANDED, WITH DIRECTIONS.