53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mason WILLIAMS, Plaintiff-Appellant,
v.
Carey EDGETON, et al. Defendants-Appellees.
 No. 94-1988.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided April 26, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant Mason Williams brought a civil rights action under 42 U.S.C. Sec. 1983 against various officials at the Pontiac Correctional Facility. The district court dismissed the action and Williams appealed. We affirm.
 
 I. Background
 
 2
 The procedural history of the case is somewhat unusual. On December 1, 1993, appellant moved to voluntarily dismiss his complaint in "protest" of Chief Judge Mihm's decisions against appellant in several other cases. Appellant accused Judge Mihm of racial bias and favoritism to prison officials. While the motion did not indicate whether appellant sought dismissal with or without prejudice, Judge Mihm concluded the tone reflected the former and granted dismissal, with prejudice, on December 2, 1993. Judgment was entered on December 3, 1993.[1]
 
 
 3
 Appellant appealed on December 15, 1993 (no. 93-3990). However, appellant also filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 60 in the district court on December 30, 1993. In the motion, appellant apologized for his temper tantrum, which he stated was brought upon by frustration, and requested that his case be reinstated. The district court denied the motion in a docket entry on January 4, 1994, in part because the case was already on appeal, which the district court concluded deprived it jurisdiction, and partly because it was untimely.
 
 
 4
 Appellant ultimately dismissed this first appeal (no. 93-3990), and returned to the district court to file a second Rule 60 motion to reconsider on March 24, 1994. This time appellant argued the dismissal was an inappropriate sanction that deprived him of his civil rights. On March 28, 1994, the district court denied appellant's motion without explanation in a docket entry. On April 25, 1994, appellant appealed this decision (no. 94-1988).
 
 
 5
 A series of maneuvers by appellant followed, in which appellant sought to reinstate his earlier appeal, appealed the denial of the second motion to reconsider a second time (no. 94-2071), and voluntarily dismissed then reinstated his appeal in no. 94-1988.[2] Appeal no. 94-1988 is the only appeal properly before the court.
 
 II. Analysis
 
 6
 Appellant's voluntary dismissal is governed by Federal Rule of Civil Procedure 41(a)(1).
 
 Rule 41(a)(1) provides:
 
 7
 (a) Voluntary Dismissal: Effect Thereof.
 
 
 8
 (1) By plaintiff; by Stipulation:
 
 
 9
 Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court
 
 
 10
 (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or
 
 
 11
 (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.[3]
 
 
 12
 Appellant was entitled to voluntarily dismiss without leave of the court, and, absent a contrary statement in the notice of dismissal, the dismissal would be without prejudice. Further, a plaintiff who moves for a voluntary dismissal without prejudice has to be given reasonable opportunity to withdraw the motion in the event the district court grants the motion but dismisses with prejudice. Marlow v. Winston & Strawn, 19 F.3d 300, 305 (7th Cir.1994) (dealing with Rule 41(a)(2)). However, per Rule 41, a plaintiff may elect to dismiss with prejudice. A fair reading of appellant's motion to dismiss indicates that a dismissal with prejudice was intended. While pro se pleadings must be evaluated leniently, there is no indication appellant sought to retain any right to reinstate; appellant clearly sought to abandon the judicial process entirely.
 
 
 13
 The underlying dismissal, however, is not properly before the court. The successive Rule 60 motions did not extend the time to appeal the dismissal. See Jones v. Phipps, 39 F.3d 158, 161 (7th Cir.1994).[4] Appellant lost the right to appeal the underlying dismissal when he dismissed his first appeal (no. 93-3990).
 
 
 14
 The only decision of the district court properly before this court is the denial of the second motion to reconsider.[5] This court's review of district court orders denying Rule 60 relief is exceedingly deferential, and is limited to discerning whether the district court abused its discretion. Jones, 39 F.3d at 162. Abuse of discretion only exists if no reasonable person could agree with the district court. Hope v. United States, 43 F.3d 1140, 1144 (7th Cir.1994).
 
 
 15
 The second motion raised some of the same arguments as the first motion, albeit in lengthier form, and others that could have been raised in the prior motion but were not. A motion for reconsideration is only appropriate to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.1987). Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion. In Re Oil Spill, 794 F.Supp. 261, 267 (N.D.Ill.1992), aff'd, 4 F.3d 997 (7th Cir.1993) (citing Publishers Resource v. Walker-Davis Publications, 762 F.2d 557, 561 (7th Cir.1985)); Quaker Alloy Casting Co. v. Gulfco Industries, 123 F.R.D. 282, 288 (N.D.Ill.1988). See also Bally Export Corp. v. Balicar Ltd., 804 F.2d 398, 404 (7th Cir.1986) (a motion to reconsider is not the appropriate vehicle to introduce new legal theories). The district court did not abuse its discretion in dismissing this duplicative motion.[6]
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified that parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 No opinion was generated. A judgment was entered dismissing the case pursuant to Chief Judge Mihm's handwritten notation on appellant's motion. (See Record at # 10, 11)
 
 
 [2]
 The gyrations regarding appellant's appeals have left even appellant confused as to which appeal remains viable. See Appellant's Brief at 5. Appeal no. 94-2071 was dismissed for lack of jurisdiction on June 14, 1994. Appeal no. 93-3990 was voluntarily dismissed on February 25, 1994. Appeal no. 94-1988 was voluntarily dismissed by appellant on May 26, 1994, but reinstated by this court on June 14, 1994
 
 
 [3]
 Contrast Rule 41(a)(2), which provides for voluntary dismissal after the defendant answers only upon order of the court upon terms and conditions the court deems proper
 
 
 [4]
 Neither of the Rule 60 motions was filed within 10 days of the entry of a judgment, which could have extended the time for taking an appeal. See F.R.A.P. 4(a)(4)(F)
 
 
 [5]
 Designating the denial of a Rule 60(b) motion as the order appealed from has consistently been held insufficient to raise the propriety of the underlying judgment. Jones, 39 F.3d at 162
 
 
 [6]
 In addition, this court notes there is authority for the proposition that where the time for the notice of appeal for a plaintiff's initial motion to vacate judgment has run, filing a second motion raising substantially the same grounds for relief does not provide plaintiff with a second opportunity for appellate review. See Burnside v. Eastern Airlines, Inc., 519 F.2d 1127, 1128 (5th Cir.1975); Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203-04 (5th Cir.1993). See also, Chrysler Credit Corp. v. Macino, 710 F.2d 363, 366 n. 5 (7th Cir.1983)