73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald J. MINNIECHESKE, Defendant-Appellant.
 No. 95-1324.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Jan. 4, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 22, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Donald Minniecheske moved pursuant to Federal Rule of Civil Procedure 60(b) contending that the judgment against him was void. This is not the first time that Minniecheske has made this argument. The record demonstrates that since the district court entered judgment against him in August, 1989, Minniecheske has brought four motions under Rule 60(b) asking the district court to reconsider its judgment. This court dismissed one of his appeals for lack of jurisdiction, holding:
 
 
 2
 On consideration of the parties' jurisdictional memoranda, IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction. A party may not file a second similar or successive Rule 60(b) motion to obtain appellate review after the time to appeal the initial order has expired. Chrysler Credit Corp. v. Macino, 710 F.2d 363, 366 n. 5 (7th Cir.1983); Burnside v. Eastern Airlines Inc., 519 F.2d 1127, 1128 (5th Cir.1975). In the present case, plaintiff-appellant appeals the district court's denial of plaintiff's third motion to reconsider. This order is the only order entered within 60 days of appellant's notice of appeal. Therefore, the court lacks jurisdiction over the appeal.
 
 
 3
 United States v. Minniecheske, No. 91-2691 (April 28, 1993) (order). This order is the law of the case and governs here. See 18 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure Jurisdiction and Related Matters Sec. 4478 (1981) (explaining the law of the case doctrine).
 
 
 4
 Minniecheske's latest Rule 60(b) motion does not allege a ground of relief that was unavailable to him at the time of his first motion. The district court dismissed the motion because "there was no reason to revisit the issues which were settled by the final judgment entered in this case more than six years ago." We agree.
 
 
 5
 Furthermore, it is within our discretion to sanction Minniecheske for bringing an appeal "when the result is obvious or when the appellant's argument are wholly without merit." Lorentzen v. Anderson Pest Control, 64 F.3d 327, 331 (7th Cir.1995) (quotations omitted). Instead of ordering Minniecheske to show cause why he should not be sanctioned now, we warn Minniecheske that we will sanction the appeal of his next attempt to escape the valid judgment entered against him. See Homola v. McNamara, 59 F.3d 647, 648-49 (7th Cir.1995); Perry v. Pogemiller, 16 F.3d 138, 140 (7th Cir.1993).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record