Wayne COHEN, on behalf of himself
and members of the general
public, Plaintiff,

v.

Richard MURPHEY, Jeanne Callaway,
and the Shepard Companies, Inc.,
Defendants.

Civ. No. C03–05793.

United States District Court,
N.D. California,
San Jose Division.

July 14, 2004.

Ronald Wilcox, San Jose, CA, for Plaintiff.

Mark Mitchell Geyer, Encino, CA, for Defendants.

## ORDER DENYING DEFENDANTS' RULE 60 MOTION

LLOYD, United States Magistrate Judge.

On July 13, 2004, this court heard defendants' Motion Pursuant to Fed.R.Civ.P. 60 to set aside entry of default. Plaintiff opposed the motion. Having consider the papers submitted by the parties and the arguments of counsel, the court DENIES the motion.

## I. BACKGROUND

Plaintiff filed a complaint on December 23, 2003, alleging that defendants were abusive in collecting an auto loan and violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Answers were due by February 9, 2004. On January 28, 2004, the parties agreed to extend the deadline for defendants to answer to February 16, 2004. On February 18, 2004, after no answers had been filed, plaintiff's counsel sent a facsimile reminding

defense counsel of the deadline, and offering to extend the deadline by two days. Defendants still did not answer, resulting in plaintiff requesting the Clerk to enter default on March 11, 2004. The Clerk did so on March 16, 2004. Defendants subsequently filed answers on March 24, 2004, claiming that a computer system problem caused the delay.

Plaintiff moved to strike defendants' answers, as they were filed after the entry of default. This court granted the motion on April 20, 2004. Defendants now move this court to set aside the entry of default under Fed.R.Civ.P. 60.

## II. DISCUSSION

■ Under Rule 60, a defendant must demonstrate "mistake, inadvertence, surprise or excusable neglect" to set aside a default judgment,[1] Fed.R.Civ.P. 60(b)(1). The Ninth Circuit has set forth a three-factor test to determine if "good cause" or "excusable neglect" exists: (1) whether defendant's (or defense counsel's) culpable conduct caused the default; (2) whether defendant appears not to have a meritorious defense; and (3) whether plaintiff would be prejudiced by setting the default aside. *In re Hammer,* 940 F.2d 524, 525–26 (9th Cir.1991). The test is disjunctive, and the court may deny the motion based upon any of the factors. *Id.* at 526. Defendants bear burden of proving that the default should be set aside. *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir.2001).

### A. Culpability of Defendants' Conduct

■ Where a defendant's neglect is inexcusable, his conduct is culpable. *Id.* at 698. Courts have found excusable neglect where extenuating circumstances, such as family emergencies or serious illness, have prevented a party from timely responding. *Bate-*

*man v. U.S. Postal Service,* 231 F.3d 1220, 1224–25 (9th Cir.2000); *In re Sheehan,* 253 F.3d 507, 514 (9th Cir.2001).

Defendants allege that their untimely answers were due to a computer system error, and request that the default be set aside.[2] Defense counsel states that he had a new computer system installed in his office in early February. Reportedly, there was a problem with the installation, causing data (including the office calendar and filing deadlines) to be lost. Defense counsel stated that there were no paper copies of the calendar, and no backup of the system. He alleges that the failure to timely file the answers was a result of this computer failure.

While the court recognizes that a computer system malfunction may cause severe problems for an attorney, the court views defense counsel's explanation of these system errors as ambiguous. He did not elaborate on the nature of the problem incurred in installing the computer system when asked at the hearing, nor did he provide the court with declarations or affidavits from the company that installed the system. It is also unclear why the system was not backed up prior to the installation or why no copies of the calendar were made before the transfer was initiated.

There is authority that calendaring errors such as the one alleged by defendants do not constitute "excusable neglect." *See Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir.1994) ("Mis-calendaring a date is certainly a plausible mistake, but it is the attorney's mistake and he and his client are responsible for the consequences."); *Connecticut Nat'l. Mortgage Co. v. Brandstatter,* 897 F.2d 883, 884 (7th Cir.1990) (holding that "routine back-office problems"

---

1. Although defendants' motion to set aside is based on Rule 60, Fed.R.Civ.P. 55 is actually the appropriate standard, as defendants are attempting to set aside an *entry of default* and not a *default judgment.* To set aside an entry of default under Rule 55, the moving party must demonstrate good cause. The distinction between the two tests is immaterial, however, as the Ninth Circuit has stated that the standard for setting aside a Rule 55 entry of default (good cause) also governs vacating a default judgment under Rule

60 (excusable neglect). *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir.2001).

2. Defense counsel alleges that failing to timely file the answers was his fault. However, defendants are held accountable for their attorney's neglect. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 at 396, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

do not "rank high in the list of excuses for default").

Furthermore, defense counsel received notice that the deadline for filing had passed two days after the answers were due. Plaintiff's counsel sent a facsimile on February 18, 2004, not only reminding defendants that the due date for their answers had passed, but also offering a two-day extension to file the answers and warning that plaintiff would move for entry of default if no answers were filed by February 20, 2004. While this facsimile provided defense counsel with the correct filing date, he failed to contact either plaintiff's counsel or the court to request an extension time, and has offered no explanation for his failure to do so. In fact, he failed to do anything until after the entry of default nearly a month later. This undermines his assertion that he filed the answers as soon as he discovered the error.[3] Defense counsel's actions in this case do not constitute excusable neglect, and his failure to timely file the answers is culpable conduct.

### B. Meritorious Defense

 Defendants have also failed to demonstrate a potentially meritorious defense. *See Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir.1986). While defendants claim in their answers that they are not "debt collectors" as defined by law, neither their answers nor their Rule 60 motion contain any facts supporting this defense. Their answers contain only denials, and their Rule 60 motion fails to even mention a defense. *See Tri–Continental Leasing Corp. v. Zimmerman,* 485 F.Supp. 495, 497–499 (N.D.Cal.1980) (holding that conclusory allegations were insufficient to set aside default, and parties must provide adequate factual and legal bases for defenses). Defendants have not offered points and authorities, declarations, or other supporting documents that would permit the court to assess the probability of a meritorious defense. Defendants have not met their burden of showing that they have a meritorious defense.

---

3. This statement is also inconsistent with defense counsel's prior statement to plaintiff's counsel that the deadline had been mis-calendared for a date in March instead of February.

### III. ORDER

Defendants have failed to demonstrate that their untimely filing of answers was due to "excusable neglect," and have failed to offer facts or law indicating a potentially meritorious defense.[4] As they have not met their burden of persuasion, the court DENIES the motion to set aside default.

**IT IS SO ORDERED.**

---

4. The court needs not address the third factor, prejudice to the plaintiff, as the test is disjunctive. *Hammer,* 940 F.2d at 526.