United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-50523
Summary Calendar

LEELAND O. WHITE,

Plaintiff-Appellant,

versus

THE APOLLO GROUP, doing business
as University of Phoenix; ARTHUR ANDERSON,

Defendants-
Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:02-CV-237-DB
-------------------------------------------------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Leeland O. White appeals the district court's dismissal with prejudice pursuant to FED. R. CIV.

P. 12(b)(6) for failure to state a claim of his pro se, in forma pauperis complaint and the district

court's denial of his motions for reconsideration of its judgment of dismissal.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although this court directed White to brief the issue whether he timely filed his notice of appeal, White addressed this issue in only a conclusional fashion. A notice of appeal must be filed with the district court clerk within 30 days after the judgment or order appealed from is entered. FED. R. APP. P. 4(a)(1)(A). This requirement "is mandatory and jurisdictional and absent compliance, the appeal must be dismissed." *Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127, 1128 n.2 (5th Cir. 1975). Pursuant to FED. R. APP. P. 4(a)(1)(A), White's notice of appeal had to be filed by March 14, 2003, 30 days after the district court's February 12, 2003, order denying his initial motion for reconsideration. White's notice of appeal was not filed until May 21, 2004, and it is thus untimely.

White's subsequent post-judgment motions alleged substantially similar grounds for relief that were set forth in his initial motion for reconsideration and thus do not provide White with a second opportunity for appellate review. *See Burnside*, 519 F.2d at 1128; *Ellis v. Richardson*, 471 F.2d 720, 720-21 (5th Cir. 1973). White's notice of appeal, filed one day after the district court's oral order indicating that it would issue sanctions, was timely only as to the district court's oral order indicating that it would issue sanctions. However, the district court's oral order indicating that it would issue sanctions is an interlocutory decision that was not final until the district court determined the amount of sanctions, and this court therefore lacks jurisdiction over the sanction order. *See Thornton v. General Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998); *Echols v. Parker*, 909 F.2d 795, 798 (5th Cir. 1990). Also, even if the court considered the notice of appeal timely with respect to the sanction order, White's notice of appeal does not refer to either order, nor does he raise this issue in his brief. Therefore, this court is without jurisdiction over these orders. See FED. R. APP. P. 3(c)(1)(B); *Trust Co. of Louisiana v. N.N.P. Inc.*, 104 F.3d 1478, 1485 (5th Cir. 1997).

White's appeal is lacking in the essential elements of an appeal, such as a notice of appeal of a cognizable order and an argument on a cognizable issue. White has even failed to address the threshold issue of jurisdiction in anything but a conclusional fashion, even after this court provided a briefing notice that set forth the relevant jurisdictional issue in detail. This court has expressed an intolerance for unmeritorius appeals without articulable support in the law and when no reasonable argument is made to support the appeal. *See Coghlan v. Starkey*, 852 F.2d 806, 809 (5th Cir. 1988). Additionally, White has used his pleadings before this court to insult the district court judges who presided below. While this court liberally construes pro se petitions and pleadings,

> [n]either the modern view of civil pleading nor the liberal pro se practice of this court has done away with the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect. This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents.

*Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978).

White's appeal presents no legal points that are arguable on their merits. It is therefore DISMISSED AS FRIVOLOUS. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

White's motions to amend the record and to remand his case are DENIED AS MOOT. Finally, the appellees request in their brief "a determination that White's appeal is frivolous, pursuant to FED. R. APP. P. 38, and requests leave to file an application for an award of attorneys' fees and double costs." The appellees's request for sanctions is DENIED without prejudice to the filing of a motion seeking sanctions.

APPEAL DISMISSED AS FRIVOLOUS; MOTIONS DENIED; REQUEST FOR SANCTIONS DENIED WITHOUT PREJUDICE TO THE FILING OF A MOTION SEEKING SANCTIONS.