[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2011
JOHN LEY
CLERK

_____

No. 11-10069

_____

D.C. Docket No. 5:02-cv-00524-KOB-JEO

LEROY WHITE,

                                             Petitioner - Appellant,

versus

CHARLIE JONES,
Warden,
ATTORNEY GENERAL, STATE OF ALABAMA,
COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS,

                                             Respondents - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

Before EDMONDSON, HULL and WILSON, Circuit Judges.

BY THE COURT:

     Over 20 years ago, on September 20, 1989, Leroy White was sentenced to

death for the brutal murder of his wife.  White is scheduled to be executed on

January 13, 2011 at 6:00 p.m. CST. On January 11, 2011, this Court denied White's motion for a stay of execution.

White again asks this Court to temporarily stay his execution. White's second motion for a stay follows the district court's denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment. White's Rule 59(e) motion, in turn, follows the district court's denial of White's Rule 60(b) motion to vacate and then reinstate the court's June 26, 2009 judgment denying White's 28 U.S.C. § 2254 petition in order to start a new 30-day period for filing a notice of appeal. On January 12, 2011 at 9:00 p.m., the district court denied White's Rule 59(e) motion and corresponding motion for a stay of execution in a 9-page memorandum opinion.

This Court likewise denies White's second motion to stay his execution for the reasons outlined in the district court's order. In particular, we agree with the district court that White has wholly failed to show a significant possibility of success on the underlying federal habeas claim about which White seeks to file a belated appeal. White has also failed to show a significant possibility of success on his claim that the district court abused its discretion in denying his Rule 60(b) motion, especially given his lack of due diligence.

A request for a stay of execution is a request for equitable relief. <u>Williams</u>

v. Allen, 496 F.3d 1210, 1212-13 (11th Cir. 2007); see also Hill v. McDonough, 547 U.S. 573, 584, 126 S. Ct. 2096, 2104 (2006). As we have said before, to obtain the equitable relief of a stay, White must show a significant possibility of success on the merits of the underlying claim in issue:

> "[T]he equitable principles at issue when inmates facing imminent execution delay in raising their . . . challenges are equally applicable to requests for both stays and injunctive relief" and are "not available as a matter of right.' " Williams v. Allen, 496 F.3d 1210, 1212 (11th Cir. 2007) (quoting Grayson v. Allen, 491 F.3d 1318, 1322 (11th Cir. 2007) ("Grayson II"), cert. denied, --- U.S. ----, 128 S. Ct. 6, --- L. Ed. 2d ----, 2007 WL 2086662, 76 USLW 3049 (Jul. 26, 2007)). Those equitable principles include (1) "sensitiv[ity] to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts," (2) the plaintiff's satisfaction of "all of the requirements for a stay, including a showing of a significant possibility of success on the merits," (3) the application of "a strong equitable presumption against the grant of a stay where the claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay," and (4) protection of the "States from dilatory or speculative suits." Hill v. McDonough, --- U.S. ----, 126 S. Ct. 2096, 2104, 165 L. Ed. 2d 44 (2006) (quoting Nelson v. Campbell, 541 U.S. 637, 649-50, 124 S. Ct. 2117, 2126, 158 L. Ed. 2d 924 (2004)). The strong interest of the State and the victims's families is in "the timely enforcement of a sentence", id. at 2104, which acquires "an added moral dimension" once post-trial proceedings finalize. Calderon v. Thompson, 523 U.S. 538, 556, 118 S. Ct. 1489, 1501, 140 L. Ed. 2d 728 (1998).

Arthur v. King, 500 F.3d 1335, 1340 (11th Cir. 2007) (brackets in original).

White has not demonstrated a significant possibility of success on the merits of an issue he would raise in a belated appeal even if his Rule 60(b) motion were

3

granted. We agree with the district court that White "has offered nothing in his present motion that gives this court pause in finding that he has not shown entitlement to relief concerning any underlying substantive issue that might be raised in a belated appeal." Doc. 47 at 7.

In addition, White has completely failed to show that he acted with any diligence, much less due diligence, with regard to an appeal of the district court's June 26, 2009 denial of his federal habeas petition. White's unjustifiable delay in filing the second stay motion (and now, for the first time, supporting affidavits within hours of his execution) must also be taken into account in deciding whether he is entitled to equitable relief. In his just-filed affidavit, White admits that on July 13, 2010, he received the State's motion requesting an execution date, at which point he became aware that the district court had denied his federal habeas petition in June 2009. White has unjustifiably and inexcusably delayed filing his second stay motion and, indeed, did not file any evidence until January 12, 2011, only hours before the execution. More importantly, even the evidence White does belatedly proffer shows that the last contact White had with his counsel was in 2006, when he was notified that one of his five attorneys had withdrawn, and there is no evidence White made any attempt to contact any of his counsel from 2006 to 2010. Thus, White's own belated affidavit reveals he was not diligent in keeping

4

track of his federal case.

Finally, we note that there is a serious question as to whether a Rule 60(b) motion is an available vehicle to re-start the filing period for a notice of appeal. See Jackson v. Crosby, 437 F.3d 1290, 1296 (11th Cir. 2006). White's Rule 60(b) motion, filed in the district court, does not ask for relief from the order of the district court denying his § 2254 petition, but instead is an attempt to resuscitate his time for filing a notice of appeal with this Court. White's Rule 60(b) motion requested the district court "to vacate and reinstate the judgment issued in this case on June 26, 2009 for the purposes of commencing a new 30-day period for filing a notice of appeal." Doc. 33 at 1. In effect, White is attempting to gain a second chance at a timely appeal through a Rule 60(b) motion, which circuit courts, including this one, have disallowed. See Jackson, 437 F.3d at 1296; see also Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002) (affirming district court's denial of Rule 60(b) motion where "[t]he sole basis for the motion was to vacate and re-enter the judgment to allow [petitioner] to file a timely notice of appeal which was not done initially because of the negligence of his attorneys," and noting petitioner could not use Rule 60(b) as a substitute for a timely appeal); Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quoting Burnside v. Eastern Airlines, Inc., 519 F.2d 1127, 1128 (5th Cir. 1975) ("The well-recognized

5

rule . . . precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal.")). And even if Rule 60(b) is somehow a potentially available vehicle, failure to comply with the statutory time limits for an appeal deprives the district court of jurisdiction to grant an out-of-time appeal, especially when the time for appeal expired more than a year ago. See Bowles v. Russell, 551 U.S. 205, 209-10, 127 S. Ct. 2360, 2363-64 (2007). For purposes of this stay request only, however, we will assume arguendo that White somehow can file a Rule 60(b) motion to restart the appeal clock because White has not shown grounds for obtaining any habeas relief on his underlying § 2254 claims in any event.

This Court denies White's motion for a stay of execution.

**MOTION DENIED.**

WILSON, Circuit Judge, dissenting:

Our "success-on-the-merits inquiry here relates to the district court's rejection of [movant's] Rule 60(b) motion." *See Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007) (explaining that a court considering a petitioner's motion for stay of execution need consider only the likelihood of success of the petitioner's Rule 60(b) claim and not the likelihood of success of his underlying habeas petition); *cf. Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263, 98 S. Ct. 556, 560 (1978) (limiting the scope of appellate review from denial of a Rule 60(b) motion to whether the district court abuses its discretion, clarifying that "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review"). As an initial matter, I disagree with the Court that White must show a substantial likelihood of success on the ultimate claim of whether he is entitled to habeas relief.[1] Rather, he should be required to show only a substantial likelihood of success in obtaining the Rule 60(b) relief that he seeks.

This Court may grant a stay of execution if the moving party shows that: (1) he has a substantial likelihood of success on the merits; (2) he will suffer

---

[1] The Court states that "White has wholly failed to show a significant possibility of success on the underlying federal habeas claim about which White seeks to file a belated appeal." It follows this statement with "White has also failed to show a significant possibility of success on his claim that the district court abused its discretion in denying his Rule 60(b) motion." Yet the focus of the Court's opinion is the likelihood of White ultimately prevailing on his habeas petition.

7

irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other party; and (4) if issued, the injunction would not be adverse to the public interest. *See In re Holladay*, 331 F.3d 1169, 1176 (11th Cir. 2003).

A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances to justify reopening a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649 (2005). Furthermore, it must be shown that "absent such relief, an extreme and unexpected hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal quotations omitted). Failure to notify a death row inmate of an adverse ruling and eliminating his chance for appeal to this Court constitutes the kind of "extraordinary circumstances" that Rule 60(b)(6) exists to correct.[2]

White's contention—that former counsel ceased representation without notifying him of the district court's adverse ruling and thus prevented him from filing an appeal—now has undeniable support. Most importantly, White's previous counsel admitted that he "was not aware of the rules that required [him] to file a notice of appeal and therefore [he] failed to do so." Further, he admits that he "made a mistake by not vigilantly ensuring [White] was represented and

---

[2] I believe that his current filing is most appropriately construed as a motion to re-consider our previous ruling that denied his request for a temporary stay so that this Court could review the district court's denial of his Rule 60(b) motion.

ensuring that his appellate rights were preserved."[3]  He further reveals that he does not believe that he even spoke with White during the notice of appeal period.  His ignorance of the rules governing appeals can be explained by his lack of litigation experience.  As he explained, "I formerly practiced transactional tax and corporate law . . . .  I have never tried a case and have never been in a courtroom as an attorney in my career."  With such admissions from counsel, I believe White must be afforded the opportunity to have this Court hear an appeal from the denial of his Rule 60(b) motion.

Additional facts further support White's claim of abandonment.  First, White's affidavit clearly states that his lawyers abandoned him without notice.[4]  He did not know the district court denied relief until he received documentation that the State was petitioning the Alabama Supreme Court to set an execution date.  Second, the procedural history of this case—White has exercised his right to direct

---

[3]  These facts were revealed in a recently submitted affidavit by White's former counsel.  He states that, after one of his colleagues was disbarred, he "represented Mr. White by [himself]."

[4]  Withdrawal from representation without client notice constitutes unethical conduct under the Alabama Rules of Professional Conduct 1.16(d).  The local rules for the Northern District require client and court notice of withdraw.  *See* United States District Court for the Northern District of Alabama Local Rule 83.1(e).  Unprofessional conduct by counsel during federal post-conviction proceedings can rise to the level of extraordinary circumstances, warranting relief from judgment under Rule 60(b).  *See Holland v. Florida*, 130 S. Ct. 2549, 2563 (2010) (stating "at least sometimes, professional misconduct . . . could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling" of the Antiterrorism and Effective Death Penalty Act's statute of limitations).

appeal, state post-conviction appeal, and federal habeas review—lends credibility to his contention that he would have sought further review. Third, upon receiving notice that the State moved the Alabama Supreme Court to set an execution, White sent a letter to that court, which it docketed as an opposition to the State's motion. Finally, the district court's docket reveals that four of the five attorneys involved never filed motions to withdraw. With the benefit of White's affidavit and the other facts discussed, a panel of this Court would likely conclude that the district court erred in denying White's Rule 60(b) motion.[5] In light of these facts, I fail to see how the district court can call White's allegations "compelling" one day and, after they have been substantiated, reject them the next.

As to the other requirements that must be met to grant a stay, I "consider the irreparability of the injury that petitioner will suffer in the absence of a stay to be self-evident." *Holladay*, 331 F.3d at 1177. When considering the harm that would be suffered by the State, I agree that it maintains a significant interest in enforcing its criminal judgments. I do not, however, believe that fleeting inconvenience imposed upon the State during the temporary stay of execution outweighs the fundamental harm that will be suffered by White should we deny

---

[5] The district court held no evidentiary hearing in this case to examine the veracity of White's assertions. His claims are now supported by two affidavits and the other facts discussed above.

10

the stay.  The State, as the people's representative in criminal proceedings, must yield to the overarching public interest of fairness in capital proceedings.  Here, White has been deprived of appellate review of his federal habeas petition.  That basic process is all he currently seeks.

The opportunity to demonstrate that his post-conviction counsel abandoned him on appeal and that this abandonment constitutes extraordinary circumstances is within our power to give.  As I have previously noted, "awarding an injunction is an equitable decision. We have broad powers to fashion a remedy in equity." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1242 (11th Cir. 2005) (Wilson, J., dissenting).  White's life hangs in the balance of our decision.  Given the equitable nature of our inquiry, the evidence before us is sufficient.

Accordingly, I dissent.