[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14231
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cv-00629-RH-EMT

JOHN O. WILLIAMS,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 23, 2021)

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

John Williams, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his Fed. R. Civ. P. 60(b)(6) motion as untimely and as an impermissible successive habeas petition under 28 U.S.C. § 2254.  On appeal, Williams argues that a Rule 60(b)(6) motion is not constrained by a specific time limitation on filing and that his motion did not constitute a successive § 2254 petition because it challenged a procedural-default ruling.  We agree with Williams that the court erred in construing his Rule 60(b) in its entirety as a successive § 2254 petition, but we affirm the denial of his motion on alternative grounds.

## I.

Briefly stated, these are the relevant facts.  Williams was convicted by a Florida jury of lewd or lascivious molestation of a child (Count 1) and attempted lewd or lascivious molestation of a child (Count 2).  He was sentenced in 2008 to life imprisonment to be suspended after twenty-five years of imprisonment as to Count 1 and five years concurrent as to Count 2.  Williams's convictions and sentences were upheld by The Florida courts on appeal and in collateral proceedings for postconviction relief.

In 2014, Williams filed a § 2254 petition for a writ of habeas corpus in federal district court.  As relevant here, he claimed that the state trial court erred in two ways: (1) by denying his request for a jury instruction on the lesser-included offense of simple battery; and (2) by denying his motion for a judgment of acquittal on Count

1 based on insufficient evidence that he touched the victim in a lewd or lascivious manner. These arguments are referred to in the record as Claims Eight and Nine.

The district court denied the § 2254 petition in August 2016, concluding that Claims Eight and Nine were unexhausted and therefore procedurally defaulted. Although the court acknowledged that Williams raised these claims on direct appeal, it reasoned that this was insufficient because he did not fairly present a *federal* claim and instead relied solely on *state* law. *See, e.g.*, *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."). It further concluded that no exception to the procedural bar applied because he did not exhaust an ineffective-assistance claim related to Claims Eight and Nine. Finally, the court found that Williams's claims failed on the merits in any case because he was not entitled to a lesser-included-offense instruction under Supreme Court precedent, and sufficient evidence supported his conviction as to Count 1. The court denied a certificate of appealability ("COA").

Williams appealed to this Court and requested a COA. In October 2018, a single judge of this Court denied a COA, concluding that reasonable jurists would not find debatable the district court's determination that the two claims were procedurally defaulted. A panel of two judges denied Williams's motion for

3

reconsideration of that order in February 2019.  Williams then sought review by the U.S. Supreme Court, but it denied his petition in October 2019.

Having struck out on appeal, Williams turned back to the district court.  In July 2020, Williams submitted a motion for relief from the judgment under Rule 60(b)(6).  In addition to arguing the merits of his claims, he contended that Claims Eight and Nine were not procedurally defaulted because he raised them on direct appeal and they implicated his federal constitutional rights to have his guilt proved beyond a reasonable doubt and to have the jury instructed on a lesser included offense.[1]

The district court denied the Rule 60(b)(6) motion on two grounds.  First, it concluded that the motion was "in substance" a successive § 2254 petition because "he has asserted nothing irregular about the proceedings in this court; his assertion is only that the decision was incorrect." Alternatively, the court found that "Williams did not file the motion 'within a reasonable time' after the August 1, 2016 ruling, as required by Rule 60(c)(1)."  Williams now appeals.

---

[1] *See, e.g.*, *Jackson v. Virginia*, 443 U.S. 307, 309 (1979) ("The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt."); *Keeble v. United States*, 412 U.S. 205, 208 (1973) ("[I]t is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.").

## II.

Ordinarily, we review the denial of a Rule 60(b) motion for an abuse of discretion. *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1170 (11th Cir. 2017). We review *de novo* legal and jurisdictional issues, including whether a Rule 60(b) motion should be treated as an unauthorized successive § 2254 petition. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

Williams sought relief under Rule 60(b)(6), which is a catchall provision that permits reopening of a judgment when the movant shows "any . . . reason that justifies relief" other than the more specific circumstances set out in Rule 60(b)(1)–(5). Fed. R. Civ. P. 60(b)(6). Relief under 60(b)(6) is an "extraordinary remedy," and a movant must show "extraordinary circumstances justifying the reopening of a final judgment." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (quotation marks omitted). In addition, motions under Rule 60(b)(6) must be filed "within a reasonable time" after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

Importantly, however, prisoners cannot rely on Rule 60 "where it would be inconsistent with the restrictions imposed on successive petitions by the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]." *Williams*, 510 F.3d at 1293; *see Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005) (stating that prisoners cannot "circumvent the requirement that a successive habeas petition be precertified by the court of appeals" by avoiding the § 2254 label). Under AEDPA,

a prisoner is ordinarily limited to one § 2254 petition unless he has received authorization from this Court to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without our authorization, the district court lacks jurisdiction to consider a successive petition. *Williams*, 510 F.3d at 1295.

When a prisoner files a Rule 60(b) motion that either seeks to add a new ground for relief from his convictions or attacks the federal court's previous resolution of a § 2254 claim on the merits, the district court is required to treat the motion as a successive § 2254 motion. *Id.* at 1293–94. Rule 60(b) motions, however, may properly be used to allege "defect[s] in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. For instance, there is no bar to filing a Rule 60(b) motion that "asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

## III.

Here, the district court erred in construing Williams's Rule 60(b) motion in its entirety as an impermissible successive § 2254 petition. While parts of his motion addressed the merits of his claims or raised new ones and thus would be properly construed as successive, he also clearly asserted that a prior non-merits ruling—that he failed to exhaust and therefore procedurally defaulted Claims Eight and Nine— was in error. *See id.* As the state concedes, "[s]uch a claim of error is cognizable

6

under Rule 60(b)." Appellee's Br. at 7. Accordingly, we agree with Williams that the court should not have denied his Rule 60(b) motion in full as a successive § 2254 petition.

Nevertheless, we affirm the district court's independent and alternative determination that the motion was not filed within a "reasonable time."[2] *See* Fed. R. Civ. P. 60(c)(1). A determination of what constitutes a reasonable time depends on the facts in an individual case, including whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay. *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008).

While Williams is correct that there is no specific time limitation on filing a Rule 60(b)(6) motion, he fails to offer any grounds for concluding that the nearly four-year delay between the August 2016 judgment denying his § 2254 petition and his July 2020 Rule 60(b) motion was "reasonable." *See* Fed. R. Civ. P. 60(c)(1). Even assuming the time he spent appealing the judgment could not be charged against him, he still waited well over a year after the mandate issued in his appeal,

---

[2] The state claims we lack jurisdiction to review the timeliness issue because Williams did not obtain a COA on that or any other issue. Ordinarily, a COA is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a 28 U.S.C. § 2254 proceeding. *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1169 (11th Cir. 2017). But no COA is needed to appeal a determination that a Rule 60(b) motion constitutes an impermissible successive habeas petition. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). We therefore have jurisdiction to review the district court's order in that regard, and we may also consider alternative grounds for affirmance, even though no COA has issued as to those matters. *See Jennings v. Stephens*, 135 S. Ct. 793, 802 (2015) (holding that no COA is required for "the defense of a judgment on alternative grounds").

and over six months after the Supreme Court denied certiorari, to file the Rule 60(b) motion. Yet there appears to be no good reason for the delay in filing because he did not rely on any intervening events. Instead, he essentially repackaged arguments that had already been presented to, and rejected by, the district court during his § 2254 proceeding and to this Court on appeal from the denial of his § 2254 petition. Accordingly, the district court did not abuse its discretion in concluding that Williams's Rule 60(b) motion was not filed within a "reasonable time." *See* Fed. R. Civ. P. 60(c)(1).

Alternatively, we conclude that Williams failed to present any "extraordinary circumstances" that would have permitted the district court to exercise its discretion and reopen the judgment. *See Arthur*, 739 F.3d at 628; *see Gonzalez*, 545 U.S. at 535 (noting that "[s]uch circumstances will rarely occur in the habeas context"). Importantly, neither the district court, in denying his original § 2254 petition, nor this Court, in denying a COA on appeal, overlooked the fact—highlighted again by Williams in this appeal—that he had raised the substance of Claims Eight and Nine on direct appeal of his convictions. Rather, the procedural-default ruling was based on Williams's failure to raise these claims in terms of federal law, rather than solely in terms of state law.

Williams essentially requests that we reconsider the procedural-default ruling, but a Rule 60(b) motion is not a means to obtain "a second opportunity for appellate

8

review," *Burnside v. E. Airlines, Inc.*, 519 F.2d 1127, 1128 (5th Cir. 1975)[3], nor does it bring up the underlying judgment for review, *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).  In any case, while Williams persuasively shows that these claims could have been raised as federal in nature in state court, he falls short of showing that he in fact did so.  *See Gray*, 518 U.S. at 162–63; *cf. Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352–53 (11th Cir. 2012) ("Simply referring to a 'constitutional right of confrontation of witnesses' is not a sufficient reference to a federal claim . . . .").  For these reasons, Williams has not shown that he warrants the extraordinary remedy of relief under Rule 60(b)(6).  *See Arthur*, 739 F.3d at 628.

For these reasons, we affirm the denial of Williams's Rule 60(b)(6) motion.

**AFFIRMED.**

---

[3] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).